PRESIDENT, &C. ORIENTAL BANK *vs.* SAMUEL W. FREEZE & *al.*

Although the constitution of this State carefully guards the right of private property, and provides, that it shall not be taken from any one, unless the public exigencies require it, yet it does not prohibit the legislature from passing such laws as act retrospectively, not on the right of property or obligation of the contract, but only upon the remedy which the laws afford to protect or enforce them.

The legislature have power to take away by statute what was given by statute, except vested rights.

When a party, by statute provisions, becomes entitled to recover a judgment, in the nature of a penalty, for a sum greater than that which is justly due to him, the right to the amount which may be recovered, does not become vested until after judgment.

The *stat.* 1839, *c.* 366, "for the relief of sureties on poor debtors' bonds, in certain cases," is constitutional.

THIS case came before the Court on a statement of facts. The action was debt on a jail bond, dated *June* 18, 1838, given by *S. W. & J. Freese,* as principals, and by *R. W. Freese,* as surety, to the plaintiffs. The condition of the bond recited, that *S. W. & J. Freese* had been arrested on an execution issued on a judgment in favor of the plaintiffs, a corporation established by the laws of *Massachusetts* to do business in the city of *Boston,* at the Court of Common Pleas for the county of *Penobscot,* at the *March* Term, 1838, for $86,95, debt, and $8,70, costs, against the principals in the bond, and was in the usual form of such bonds. On *October* 1, 1838, the debtors made application to a justice of the peace for the county of *Penobscot,* requesting him to cite the plaintiffs to appear before two justices of the peace and of the quorum, at a place stated, on *October* 20, 1838, to attend to the disclosure of the debtors, &c. On this application, notice was given to the attorneys of the creditors, in this State. No notice was given on the application of the jail-keeper. At the time and place appointed, the debtors appeared before the justices named in the notice, and such proceedings were had, that the justices certified that, having examined the notice and return, and having found them to be correct, they, after due caution, administered the

poor debtors' oath to the debtors, and issued their certificate of discharge. This certificate was duly filed with the jailer of the county of *Penobscot.*

The parties agreed, that if, on the facts, the Court should be of opinion, that the plaintiffs are entitled to recover, judgment was to be rendered for the plaintiffs, with legal damages and costs; and if not, the plaintiffs were to become nonsuit.

The case was submitted for the opinion of the Court, on the briefs of the counsel.

*Fessenden & Deblois,* for the plaintiffs.

The provisions of the statutes of 1835, *c.* 195, and of 1836, *c.* 245, were not complied with by the debtors, and there was consequently a breach of the bond declared on, and the plaintiffs are entitled to recover, as damages, the amount of the execution, and costs, and fees, and costs of commitment, with twenty-five *per cent.* interest.

" Where the only notice to the creditor was issued by a magistrate, on the application of the debtor, without any from the prison-keeper, the justices have no jurisdiction or power to administer the oath, and their doings are illegal and void." *Knight* v. *Norton,* 3 *Shepl.* 337.

The statute is peremptory, that in all cases where there has been a breach of the condition of the bond, taken under the provisions of that statute, the measure of damages shall be " the amount of the execution, and fees, and costs of commitment, with interest thereon at twenty-five *per cent.*" Nothing intervenes, unless operation is given to the *statute* of 1839, *c.* 366. This statute is retrospective, and intended to be so, and cuts off the right to a verdict and judgment for those sums, unless the damages should amount thereto. The breach of the bond was prior to the passing of this act.

A retrospective statute is inoperative and absolutely void, and the intention of the legislature to make it retrospective, cannot alter the case, or make it operative or valid. *Dash* v. *Van Kleeck,* 7 *Johns. R.* 477, cited with marked approbation in *Hastings* v. *Lane,* 3 *Shepl.* 134; 2 *Mod.* 310; 2 *Insti.* 292; 2 *Lev.* 227; 4 *Burr.* 2460; 1 *Bay,* 179; 3 *Dall.* 386; 2 *Cranch,* 272; 6 *Bac. Ab.* 370; 1 *Bl. Com.* 44; *Co. Litt.* 360, *(a)*; *Blan-*

*chard* v. *Russell,* 13 *Mass. R.* 17; *Call* v. *Hagger,* 8 *Mass. R.* 423; *Story's Com. on Con.* § 712; *Betts* v. *Bagley,* 12 *Pick.* 572; *Lewis* v. *Webb,* 3 *Greenl.* 326; *Bowdoinham* v. *Richmond,* 6 *Greenl.* 112; *Durham* v. *Lewiston,* 4 *Greenl.* 140; *Somerset* v. *Dighton,* 12 *Mass. R.* 385.

*Codman & Fox,* for the defendants.

Our defence depends upon the constitutionality of the *st.* 1839, *c.* 366. The effect of this statute, is simply pointing out a mode of notifying the creditor, and adopting it as valid, except that the plaintiff may recover any damages he has sustained by a breach of the bond, which damages shall be assessed by the jury. The statute allows the party to recover all damages sustained. It is only changing the remedy, and does not destroy the right of action, and is constitutional. *Baxter* v. *Taber,* 4 *Mass. R.* 361; *Walter* v. *Bacon,* 8 *Mass. R.* 468; *Patterson* v. *Philbrook,* 9 *Mass. R.* 153; *Holbrook* v. *Phinney,* 4 *Mass R.* 566; *Bacon* v. *Callender,* 6 *Mass. R.* 303; *Potter* v. *Sturdivant,* 4 *Greenl.* 158; *Thayer* v. *Seavey,* 2 *Fairf.* 284; *Wellington & al. Pet.,* 16 *Pick.* 95.

The opinion of the Court was drawn up by

SHEPLEY J. — The plaintiffs insist, that the *act* of 1839, *c.* 366, ought not to receive such a construction as to affect their rights in this suit. In *Hastings* v. *Lane,* 15 *Maine R.* 134, it was stated to be a settled rule of construction, that a statute should not have a retrospective operation, unless the intention to have it so operate is clearly expressed. In the *act* of 1839, such intention is clearly expressed, and it must operate upon the claim asserted by the plaintiffs, unless there be some constitutional objection to it. The counsel for the plaintiffs contend, that the legislature cannot rightfully pass a law, which operates retrospectively, and that such a law is inoperative. It has been decided, that the clause in the constitution of the *United States,* which provides, that no State shall pass any *ex post facto* law, or law impairing the obligation of contracts, does not prevent a State from passing retrospective laws, or laws operating upon vested rights, although a contrary opinion has been at different times intimated by some of the Judges. *Satterlee* v. *Mathewson,* 1 *Peters,* 413.

Oriental Bank *v.* Freese.

Our constitution carefully guards the right of private property, and provides, that it shall not be taken from any one, unless the public exigencies require it. This does not, however, prohibit the legislature from passing such laws as act retrospectively, not on the right of property or obligation of the contract, but only upon the remedy which the laws afford to protect or enforce them. The legislature must necessarily possess the power to determine, by law, in what manner the person or property of a debtor shall be subjected to the demands of a creditor ; and of making alterations in such laws, as a change of circumstances, or the public good, may require. And in doing this, one may be deprived of a right which he has by existing laws to arrest the body, or to attach, or seize a certain description of property, without infringing any constitutional provision. When a person, by the existing laws, becomes entitled to recover a judgment, or to have certain real or personal estate applied to pay his debt, he is apt to regard the privilege, which the law affords him, as a vested right, not considering that it has its foundation only in the remedy, which may be changed, and the privilege thereby destroyed. It was decided in *Potter* v. *Sturdivant*, 4 *Greenl.* 154, that the legislature might mitigate the severity of a penalty, and award to the party injured, as much as he deserved, in equity and good conscience, to receive. And in the *People* v. *Livingston*, 6 *Wend.* 526, that the legislature possessed the power to take away by statute, what was given by statute, except vested rights. And when a party, by the statute provisions, becomes entitled to recover a judgment in the nature of a penalty, for a sum greater than that which is justly due to him, the right to the amount, which may be so recovered, does not become vested till after judgment.

In *Ogden* v. *Saunders*, 12 *Wheat.* 262, Mr. Justice *Washington* thus states the result of his examination. " It is thus most apparent, that whichever way we turn, whether to laws affecting the validity, construction, or discharges of contracts ; or to the evidence or remedy to be employed in enforcing them, we are met by the overruling and admitted distinction between those which operate retrospectively and those which operate prospectively. In all of them, the law is pronounced to be void in the first class of cases, and not so in the second." And *Marshall C. J.,* in the

Blanchard *v.* Cumberland.

same case, 349, says, " in prescribing the evidence, which shall be received in its courts, and the effect of that evidence, the State exercises its acknowledged powers. It is likewise in the exercise of its legitimate powers, when it is regulating the remedy and mode of proceeding in its courts."

The bond in suit was taken to secure to the plaintiffs, the benefit of that part of the remedy for the recovery of a debt, which the laws afforded them by an arrest of the body of their debtor. And it was competent for the legislature to refuse any such remedy, or to impart it under such restrictions and modifications as it thought proper, and to change them at pleasure. By the *act* of 1839, the legislature does not impair the obligation of the contract, or deprive the plaintiffs of any vested right. It in effect provides, that a different description of evidence shall be received, as proof that the obligors have fulfilled that part of the condition of their bond, which required them to give notice of an intention to take the oath, not making it effectual, however, to bar the obligees from the recovery of such damages as they had actually suffered. The facts agreed do not prove, that the plaintiffs have sustained any damages ; and by the agreement, a nonsuit is to be entered.