GUSTAVUS HENSCHALL *et al.*, Defendants in Error, *v.* JOSEPH SCHMIDTZ *et al.*, Plaintiffs in Error.

1. *Judgments — Execution, issue of without leave of court — Vested rights, etc.* —Where a judgment was entered while the law of 1855 was in operation, the issue of an execution thereunder need not be governed by that law, but the Legislature may extend the time thereby allowed for the issue of the execution without leave of court. The act granting such extension is simply a regulation for enforcing a judgment, and does not affect any vested right.

*Error to Buchanan Court of Common Pleas.*

*Hawley, Hill & Carter,* for plaintiffs in error.

I. The statute of 1855 must govern in this case, because under that statute the appellants had acquired vested rights. (See R. C. 1855, p. 904, §§ 13, 14. It is incompetent for the Legislature to divest these rights, or destroy them, by subsequent legislation retrospective in its operation. (Const. of Mo., art. I, § 28 ; Fisher v. Cockerill, 5 Monr., Ky., 129 ; Atkinson v. Dunlap, 50 Me. 111 ; Streubel v. Milwaukee & Mississippi R.R. Co., 12 Wis 67; State *ex rel.* Register of Public Lands v. Auditor of Public Accounts, 33 Mo. 287; Routsong *et al.* v. Wolf, 35 Mo. 174 ; Hope Mutual Ins. Co. v. Flynn, 38 Mo. 483 ; Sedgw. Stat. and Const. Law, 188. )

II. Under the statutes of 1855 this judgment was presumed to be satisfied after the lapse of five years from its rendition where no lien existed. No lien existed in this case. In order to rebut this presumption of payment, it was necessary for the respondent,

before he could have execution issued, first, to obtain leave of of the court; second, make a motion; and, third, give notice to the appellants. (R. C. 1855, p. 904, §§ 13, 14.)

*H. K. White*, for defendants in error.

I. The statute in force at the time of issuing the execution applied to judgments rendered previously to the enactment of the statute as well as those rendered subsequently. (Wagn. Stat. 11, § 91; Bolton v. Lansdown, 21 Mo. 399–401.)

II. An act will not be deemed retrospective, or as interfering with vested rights, which only affects incidental rights and leaves the parties with all their rights existing in substance and integrity. (McCormick v. Rusch, 15 Iowa, 127–133; Syracuse City Bank v. Davis, 16 Barb. 188; Morse v. Goold, 11 N. Y. 281–287.)

WAGNER, Judge, delivered the opinion of the court.

The appeal in this case was taken from a judgment rendered by the court overruling a motion to quash an execution. The original judgment of the court was rendered in 1860, and no execution was issued thereon until 1870, nearly ten years having elapsed. No notice was given to the adverse party, or leave obtained from the court where the execution was sued out. The law of 1855 provided that after the lapse of five years, and within ten years from the entry of a judgment, where there was no lien in existence, an execution should be issued only by leave of the court, on motion with notice to the adverse party. (R. C. 1855, p. 904, § 13.) But the statute of 1865 dispenses with the motion in court and notice to the adverse party, and permits an execution to be issued upon a judgment at any time within ten years after the rendition thereof. It is now insisted that, as the judgment was rendered while the law of 1855 was in operation, the issuing of the execution must be governed by that law, and that the Legislature was incompetent to extend the time and release the conditions therein prescribed. This position is untenable. The rule that laws are applicable to future and not to past transactions, is not infringed or violated by upholding this law and applying it to all judgments. It is simply a regulation for enforcing judgments,

and does not trench on any vested right. The case of Bolton v. Lansdown, 21 Mo. 399, is in point and is decisive of the question. Judge Leonard, in writing the opinion of the court in that case, says: "This is a regulation for future transactions, a new rule to be hereafter observed in suing out executions upon judgments; and, in order that the law may be uniform, the same rule is applied to all judgments, without reference to the time when they were obtained, whether before or after the act took effect, or to the manner in which the suits were conducted that resulted in the judgments, whether according to the old or the new forms of procedure. Existing remedies for the future enforcement of all judgments, no matter where obtained, or under what form of procedure, are thereby modified according to the wisdom of the Legislature; but no rights are touched in the slightest manner. The power of theLegislature to pass such laws cannot be doubted, and is very frequently exercised, and we see no ground to ques-question the propriety of it in this instance."

This authority is directly in point, and is conclusive. As the court upheld the execution, and refused to quash it because it was not issued in conformity to the act of 1855, we think the judgment was right and should be affirmed. The other judges concur.