# JAMES MIX

## v.

# THE ILLINOIS CENTRAL RAILROAD COMPANY.

*Filed at Springfield March 27, 1886.*

1. STATUTES—*title of an act—expression of the subject of an act in the title.* Section 13, article 4, of the constitution, requires to be expressed in the title to an act only the general subject thereof. It does not require that all the legal effects of the act, such as repeal by implication, shall be expressly stated in the title.

2. SAME—*sufficiency of the title of an act relating to fencing and operating railroads.* The provisions of the act of June 19, 1885, entitled "An act to amend sections twelve (12) and thirteen (13) of an act entitled 'An act in relation to fencing and operating railroads,' approved March 31, 1874," are fairly covered and embraced in the title of such act.

3. SAME—*repeal of statute—effect of the amendatory act of 1885 as to stopping railway trains before crossing other railroads.* The amendatory act of 1885, of sections 12 and 13 of the act relating to the fencing and operating of railroads, changing the law as to the duty of railway companies to stop their trains before crossing other railroads, etc., and the penalty for a failure to perform such duty, does not have the effect to repeal sections 2 and 4 of chapter 131 of the Revised Statutes. The amendatory act only took out of the operation of sections 12 and 13 of the amended act, all violations of those sections of the old act.

4. SAME—*effect of repeal or amendment of a penal statute upon pending suits and preëxisting causes of action.* A private person acquires no vested right in a penalty under a penal statute, by merely suing for it, and a repeal of the statute imposing a penalty, even after suit is brought to recover it, extinguishes the right of action.

5. In 1885 the legislature amended the statute requiring railroad trains to come to a stop before crossing another railroad, and changed the penalty and the form of action, and the time for bringing suit for violations, and provided in the amendatory act that its provisions should extend to and govern all cases of neglect or failure to stop trains as required by law, whether occurring before or after the amendment took effect, and that no act or part of an act inconsistent with such operation and effect being given to the amended act, should in any way apply thereto: *Held,* that the change in the law was such as to extinguish all right of action in a suit brought under the old law, notwithstanding sections 2 and 4 of chapter 131 of the Revised Statutes.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding.

Mr. STEPHEN R. MOORE, for the appellant:

Unless the act of June 19 repeals sections 2 and 4 of chapter 131 of the Revised Statutes, the court is bound to construe the new law so as not to repeal the former law, "as to any offence committed against the former law, or as to any act done or any penalty incurred."

It is evident the legislature did not intend to affect any part of sections 2 and 4 of chapter 131. By its terms it is limited to amend sections 12 and 13 of the act relating to fencing and operating railroads.

The law does not favor repeals by implication. If two acts are seemingly repugnant, they should be so construed, if possible, that both may stand. *Bruce* v. *Schuyler*, 4 Gilm. 221; *Town of Ottawa* v. *LaSalle County*, 12 Ill. 339; *Supervisors* v. *Campbell*, 42 id. 490; *Covington* v. *East St. Louis*, 78 id. 549; *Gunnarssohn* v. *City of Sterling*, 92 id. 571; *Roth* v. *Eppy*, 80 id. 283; *Bowen* v. *Leone*, 5 Hill, 231; *Kinney* v. *Mallory*, 3 Ala. 626.

If it is held that by the terms of the act of July 19, 1885, sections 2 and 4 of chapter 131 are repealed, the act is repugnant to section 13, article 4, of the constitution, as embracing more than one object. *People* v. *Wright*, 70 Ill. 397; *Railroad Co.* v. *Gregory*, 15 id. 20; *Supervisors* v. *People*, 25 id. 181; *Firemen's Benevolent Association* v. *Lounsbury*, 21 id. 511; *O'Leary* v. *Cook County*, 28 id. 534; *Village of Lockport* v. *Gaylord*, 61 id. 276; *Middleport* v. *Life Ins. Co.* 82 id. 562; *Welch* v. *Post*, 99 id. 471; *People* v. *Miller*, 32 id. 181.

Section 22, article 4, of the constitution, prohibits the passage of special laws in certain cases, among which is "remitting fines, penalties or forfeitures." *Devine* v. *Commissioners*, 84 Ill. 590; *Railroad Co.* v. *Gregory*, 15 id. 28.

I do not see any principle whereby to sustain the judgment of the court below. Where a suit abates on an issue of law, the defendant is, not entitled to costs, but each party must pay his own. Tidd's Prac. (2d Am. ed.) 693; 1 Chitty's Pl. 405; *Eddy* v. *Brady*, 16 Ill. 306; *Motherell* v. *Reavers*, 2 Gilm. 691

Messrs. C. H. & C. B. Wood, for the appellee:

There can be no doubt of the power of the legislature, by a general law, to release penalties that have accrued at any time before judgment. *Coles* v. *County of Madison*, Breese, 115; *Parmalee* v. *Lawrence*, 48 Ill. 331; *Eaton* v. *Graham*, 11 id. 619; *Confiscation Cases*, 7 Wall. 454; *Lewis* v. *Foster*, 1 N. H. 61; *Commonwealth* v. *Kimball*, 21 Pick. 373; *Oriental Bank* v. *Freeze*, 6 Shep. (Me.) 109.

The effect of a repealing statute is to obliterate the prior law as completely from the records as if it had never passed, except as to actions or suits which were commenced, prosecuted and concluded while it was an existing law. *Wilson* v. *Railroad Co.* 64 Ill. 547; *Van Inwagen* v. *City of Chicago*, 61 id. 34; *Ray* v. *Goodwin*, 4 M. & P. 341.

A person suing *qui tam* has no vested title in a penalty, until he, by a recovery, reduces the claim to a judgment. *Railroad Co.* v. *Adler*, 56 Ill. 345.

It is claimed that the act of 1885 is obnoxious to the constitutional objection of embracing more than one subject,— that this act, if valid, repeals sections 2 and 4, of chapter 131, of the Revised Statutes, and this not being named in the title of the new act, it is void.

The repeal of a statute on a given subject is properly connected with the subject matter of a new statute on the same subject, and therefore a repealing section in the new statute is valid, notwithstanding the title is silent upon that subject. Cooley's Const. Lim. 177; *Galbert* v. *Railroad Co.* 11 Ind. 365; *Gillford* v. *Cornell*, 18 Barb. 640.

But the new statute, without attempting to repeal any part of chapter 131, takes this case out of the operation of that act.

A statute embraces but one subject when it has but one general object which is fairly indicated by its title. *Fuller* v. *People*, 92 Ill. 182.

Mr. Cʜɪᴇғ Jᴜsᴛɪᴄᴇ Mᴜʟᴋᴇʏ delivered the opinion of the Court:

On the 2d day of October, 1884, the appellant, James Mix, commenced an action of debt, in the circuit court of Ford county, against the Illinois Central Railroad Company, to recover divers penalties alleged to have been incurred by the defendant at various times in crossing the Lake Erie and Western railway at the town of Paxton, in said county, without first bringing its trains to a full stop, as required by the act of March 31, 1874, entitled "An act in relation to fencing and operating railroads." By the 12th section of that act all trains upon any railroad crossing or intersecting another railroad were required to be brought to a full stop *at a distance of not less than two hundred feet*, nor more than eight hundred from the point of intersection or crossing. By the 13th section a penalty of $200 was imposed upon railroad companies for each violation of the 12th section.

Subsequent to the commencement of this suit, the legislature passed an amendatory act, entitled "An act to amend sections twelve (12) and thirteen (13) of an act entitled 'An act in relation to fencing and operating railroads,' approved March 31, 1874." By this amendatory act, the 12th section of the original act is so changed as to require moving trains to come to a full stop at some point within eight hundred feet of the place of crossing, whereas they were required by the original section to come to a full stop at some point within the eight hundred feet, *not less than two hundred feet* from the crossing. The 13th section is also so amended as to impose

a penalty of *not exceeding $200*, when by the section as orig-
inally adopted, the penalty could not in any case be less than
$200.

But this is not all. The act as now amended confers no
authority upon a private person to bring an action under it
in his own name, as did the former act. Nor can an action
be now prosecuted in the name of the People, for the benefit
of a private person. Under the law, as amended, an action
in these cases can be maintained in the name of the People
only, and in case of recovery the penalty is required in all
cases to be paid into the county treasury. Before the amend-
ment, an action might have been brought, under the act, in
the name of the People, or in the name of a private person,
and, in the event of a recovery in the latter case, the pen-
alty belonged to the person suing. In addition to this, the
13th section, as amended, after shortening the period of
limitation in which actions under the act must be brought,
to sixty days, contains the following provision: "The pro-
visions of this and of the preceding section shall extend to
and govern all cases of neglect or failure to stop the train,
required by law, before passing any bridge or railroad cross-
ing, whether occurring before or after the said provisions
shall take effect; and no act or part of an act inconsistent
with such operation and effect being given to this law, shall in
any way apply thereto."

After this amendment of the law went into effect, to-wit,
on the 1st of December, 1885, the defendant, proceeding upon
the hypothesis that the law under which the action had been
brought was so radically changed by the amendments and
alterations mentioned as to abrogate and extinguish all right
of action in the plaintiff, entered a formal motion in the
cause to dismiss the suit. The court sustained the motion
and entered an order accordingly, and the question now to be
determined is, whether the court ruled properly in doing so.

The position of counsel for appellant, as we understand it, is, that to give the amendatory act of 1885 a retrospective operation, so as to govern the rights of the parties in the present case, would necessarily repeal sections 2 and 4 of chapter 131 of the Revised Statutes, which are as follows:

"Sec. 2.   The provisions of any statute, so far as they are the same as those of any other statute, shall be construed as a continuation of such prior provisions, and not as a new enactment.

"Sec. 4.   No new law shall be construed to repeal a former law, whether such former law is expressly repealed or not, as to any offence committed against the former law, or as to any act done, any penalty, forfeiture or punishment incurred, or any right accrued or claim arising under the former law, or in any way whatever to affect any such offence or act so committed or done, or any penalty, forfeiture or punishment so incurred, or any right accrued or claim arising before the new law takes effect, save only that the proceedings thereafter shall conform, so far as practicable, to the laws in force at the time of such proceeding.   *   *   *   This section shall extend to all repeals, either by express words or by implication, whether the repeal is in the act making any new provision upon the same subject, or in any other act."

It is also contended that this being so, such a construction would necessarily make the amendatory act in question violative of section 13, article 4, of the constitution, because the repeal of those sections is not embraced in the title of the amendatory act.   This position we regard as untenable.   It is only the general *subject* of the act that is required to be expressed in the title.   The subject of the title of the act under consideration was the amendment of two specified sections of another act.   There is clearly no new provision in the amendatory act which does not operate as an amendment of one or the other of the two sections of the act specified in the title.   It is clear, then, there has not only been a substan-

tial but a literal compliance with the provision of the constitution referred to.

If the amendment of those sections operated as a repeal, by implication, of sections 2 and 4, chapter 131, as claimed, or if it simply took all violations of the original act out of the operation of the two sections last mentioned, the changes thus wrought by the amendatory act would in either case be simply one of the effects of the law. It is sufficient that the act passed is fairly covered by its title. The constitution does not require that all the legal effects of an act, such as repeals by implication, should be expressly stated in the title. Such a thing would be utterly impracticable. Where the act itself is clearly embraced in the title, as is the case here, all legal consequences necessarily flowing from it will, for the purposes of this constitutional requirement, be regarded as embraced within the title also. *Timm* v. *Harrison,* 109 Ill. 593.

The claim that to give the amendatory act of 1885 a retrospective operation, so as to embrace the present case, is in effect holding that that act repeals the 2d and 4th sections of chapter 131, above cited, is clearly not warranted. The effect of the amendatory act, so far as these two sections are concerned, was simply to take out of their operation all violations of the 12th and 13th sections of the old act. The 1st and 4th sections in question still remain as general provisions of law, to be applied in all cases just as they were before, except where the legislature has expressed a contrary intent, as was clearly done in the amendatory act in question.

It is hardly necessary to say it is not competent for the legislature to limit its own legislative powers, even if it should attempt to do so. But there is clearly nothing in the legislation referred to indicating such an intention. It is well settled that a private person acquires no right to a penalty in a case like this by merely suing for it, and it is equally clear that the legislature may amend or repeal a law imposing a penalty, as well after as before suit brought to recover it.

These general principles are so well settled that they require neither argument nor authority to support them.

We have no doubt of the validity and constitutionality of the amendatory act of 1885. Holding it to be valid, as we do, its legal effect was manifestly to extinguish all right in the appellant to further prosecute the suit.

It follows the circuit court ruled properly in dismissing it, and its judgment will therefore be affirmed.

*Judgment affirmed.*