D. Preston Atwood *vs.* Annie McL. Buckingham.

Third Judicial District, Bridgeport, October Term, 1905.
Torrance, C. J., Baldwin, Hamersley, Hall and Prentice, Js.

General Statutes, § 324, provides that any executor, administrator or
trustee, who fails to return an inventory within two months after
the acceptance of his bond, shall forfeit, to him who shall sue there-
for, $20 for each month, unless before suit brought he make an
excuse for such delay acceptable to the court. *Held* that in addi-
tion to repealing this section (Public Acts of 1905, Chap. 160) and
thereby preventing further suits under it, the legislature might also
limit or reduce the amount recoverable in all pending actions to a
nominal sum (Public Acts of 1905, Chap. 217), or defeat such re-
covery altogether, the law not recognizing any vested right to such
forfeiture, and the Constitution of this State not prohibiting retro-
active legislation.

Argued October 31st—decided December 15th, 1905.

Action to recover a statutory forfeiture for neglecting, as
administratrix, to file an inventory of a decedent's estate,
brought to the Court of Common Pleas in Fairfield County
and tried to the court, *Curtis, J.,* upon demurrer to the answer;
the court overruled the demurrer *pro forma,* and, upon the
plaintiff's refusal to plead further, rendered judgment for him
to recover but $1 damages, from which he appealed. *No
error.*

*E. P. Arvine* and *John J. Phelan,* for the appellant (plain-
tiff).

*Lucien F. Burpee* and *S. McLean Buckingham,* for the ap-
pellee (defendant).

Prentice, J. The plaintiff in May, 1904, brought his
action to recover $240 as the forfeiture provided by § 324 of
the General Statutes, claimed to have been incurred by the
defendant, as an administratrix, through her unexcused fail-
ure, for the twelve months prior to the bringing of the ac-

tion, to file an inventory as provided by law. While the action was pending the General Assembly, by an Act which was approved and went into effect on June 21st, 1905, repealed said section. Public Acts of 1905, Chap. 160. Later in the session, by another Act which was approved and went into effect July 6th, 1905, it was enacted that " in all civil actions pending in the courts of the state, brought under section 324 of the general statutes for recovery of the forfeiture therein provided, such recovery shall be for the sum of one dollar only as the forfeiture for such neglect and the taxable costs of court." The Act further provided that the defendant might before trial tender to the plaintiff the sum of $1 and accrued costs, and that upon the plaintiff's refusal to accept the same he should not recover any sum in excess thereof. Public Acts of 1905, Chap. 217. The defendant thereupon filed an answer in which she set up a tender of the sum of $1 and the amount of taxable costs then accrued. To this answer the plaintiff demurred, and assigned as grounds of demurrer various reasons involving the construction and effect of the two Acts of 1905 referred to, and the constitutionality of the one under which the tender was made and pleaded. The court overruled the demurrer and, the plaintiff refusing to plead further, rendered judgment that the plaintiff recover the amount of the tender. Of this action he complains.

Section 1 of the General Statutes provides, among other things, that the repeal of an Act shall not affect any suit, or prosecution, or proceeding pending at the time of the repeal, for an offense committed, or for the recovery of a penalty or forfeiture incurred under the Act repealed ; and that the passage or repeal of an Act should not affect any action then pending. The repeal of said § 324 did not, therefore, affect the plaintiff's action, or any other which may have been pending under said section ; and this the defendant concedes.

The repeal, however, was effectual not only to prevent the institution of new actions for future delinquencies, but also to prevent the bringing of such actions for past ones.

The plaintiff has erroneously assumed the contrary to be the situation as respects neglects which antedated the repeal. It is the well-settled rule that, in the absence of a saving clause or statute, the right to bring suit to recover a penalty or forfeiture falls with the Act which provides it. *Yeaton* v. *United States*, 5 Cranch (U. S.) 281; *Maryland* v. *Baltimore & Ohio R. Co.*, 3 How. (U. S.) 534; *Norris* v. *Crocker*, 13 id. 429; *Welch* v. *Wadsworth*, 30 Conn. 149. There was no saving clause in the present repealing Act. Section 1 of the General Statutes contains the general provision that the repeal of an Act shall not affect any punishment, penalty, or forfeiture incurred before the repeal takes effect. But no penalty or forfeiture could by any possibility be incurred under the repealed Act by any delinquent before suit was in fact instituted, for the all-sufficient reason, if for no other, that the section expressly provides that there should be no forfeiture incurred in any case where the delinquent, before suit is brought, makes to the Court of Probate an acceptable excuse for his delay. The absence of this excuse at the moment suit is brought is thus made one of the conditions of forfeiture. This the plaintiff recognized when he framed his complaint, which averred the absence of an accepted excuse. By reason of this condition, no incurred forfeiture was possible under the Act until the status of the party against whom a forfeiture was sought to be enforced was, by the bringing of an action, fixed as that of a delinquent subject to the statutory penalty. When, therefore, the repeal took effect, there was an end to all situations which could furnish the basis of new actions. Persons who had escaped suit might be in neglect, but none of them had as yet become subject to the penalty of the statute, and it could not then have been foretold that any one of them would ever become so had the statute continued in force.

The plaintiff contends that said chapter 217, which is the Act which reduces the amount of the forfeiture and under which the tender .was made, should be given a prospective application only, and not made to retroact upon actions already brought. In aid of this contention it is said,

and well said, that the presumption is that statutes are intended to operate prospectively, and that they should not be construed as having a retrospective effect unless their terms show clearly and unmistakably a legislative intention that they should so operate. *Thames Mfg. Co.* v. *Lathrop*, 7 Conn. 550; *Plumb* v. *Sawyer*, 21 id. 351, 355; *Smith* v. *Lyon*, 44 id. 175; *Middletown* v. *New York, N. H. & H. R. Co.*, 62 id. 492.

With respect to the present Act, however, it is to be observed that to confine its operation to suits to be brought is to deny it all operation whatsoever. Its subject-matter is expressed to be " all civil actions pending in the courts of the state, brought under section 324 of the general statutes." We have already seen that the only actions which could by any possibility ever be or become pending under that Act were those which were pending at its repeal, which antedated the enactment of chapter 217. The legislature must therefore have meant by pending actions those actions or none at all. Furthermore, if chapter 217 be read in connection with chapter 160, as it should be, it will be clearly seen that by the two Acts the General Assembly at its session in 1905 undertook to deal with the whole situation presented by litigation, actual or possible, which might arise under said § 324. In the first it was sought to prevent all new actions: by the second to deal with those which had been begun. These considerations, when taken in connection with the natural meaning of the language employed in chapter 217, leave no room for doubt as to the legislative intent, and that the legislative command was thereby expressly given that the right of recovery in all actions then pending under § 324 should be controlled and limited as therein provided. In the presence of this express command, the saving clauses contained in § 1 of the General Statutes, which have been already noticed, of course become ineffective. They are but legislative enactments and must yield to the later expression of the legislative will.

The plaintiff next claims that in so far as chapter 217 professes to operate upon actions pending at the time of its

Atwood *v.* Buckingham.

enactment it is unconstitutional.    Three reasons are assigned for this conclusion, to wit: (1) because it is thus made to retroact to divest vested rights; (2) because thereby contract obligations are impaired; and (3) because it thus becomes an unlawful attempt of the legislative department to dictate to, interfere with, direct and coerce the judicial department in respect to its judicial functions in the rendition of a judgment.

It is further urged that if the Act is to be interpreted as applying solely to actions pending at the time of its enactment, it is unconstitutional for the further reason that it denies to the plaintiff and all others whose actions were pending the equal protection of the laws.

There is no provision in our Constitution forbidding retrospective legislation.    Such legislation is not of itself unlawful.    *Curtis* v. *Whitney*, 13 Wall. (U. S.) 68.    The present statute could affect no vested rights.    The plaintiffs in actions for the recovery of forfeitures under said § 324, which were pending when said chapter 217 went into effect, had not at that time acquired a vested right to such forfeitures.    "No person has a vested right in an unenforced penalty." *Norris* v. *Crocker*, 13 How. (U. S.) 429; *Welch* v. *Wadsworth*, 30 Conn. 149; *Mix* v. *Illinois Central R. Co.*, 116 Ill. 502; *Cleveland, C. C. & St. L. Ry. Co.* v. *Wells*, 65 Ohio St. 313; *Bank of St. Mary's* v. *State*, 12 Ga. 475; *Anderson* v. *Byrnes*, 122 Cal. 272.

The claim which is based upon a supposed contract relation between the State and the claimant of a forfeiture, said to be created by the enactment of said § 324 and the institution of an action to recover the forfeiture, is wholly without foundation.    "A forfeiture is always to be regarded as a punishment inflicted for a violation of some duty enjoined upon the party by law." *Maryland* v. *Baltimore & Ohio R. Co.*, 3 How. (U. S.) 534, 552.    When a law is enacted providing for such a punishment to enure to the benefit of another, the right of the State to ameliorate or remit that punishment at its pleasure is unrestrained, and no contractual relation between the State and any person is created either

by force of the enactment itself, or by the combined force of the enactment and the institution of proceedings under it, which imposes such a restraint. The analogy sought to be drawn between statutes offering rewards, and those imposing a forfeiture for the benefit of whomsoever should sue therefor, entirely fails. The former contain the conditions of a contract: the latter do not. The many cases, of which certain have been cited, which effectually determine that no vested right is acquired by the institution of an action to recover a forfeiture, are directly in point.

It is the province of the legislative department to define rights and prescribe remedies: of the judicial to construe legislative enactments, determine the rights secured thereby, and apply the remedies prescribed. Chapter 217 deals with the remedy for a violation of a statutory duty. In this the General Assembly was not invading the judicial province; neither was it thereby interfering with, dictating to, or coercing the judicial department. " To declare what the law is, or has been, is a judicial power ; to declare what the law shall be, is legislative." *Dash* v. *Van Kleeck*, 7 John. (N. Y.) 477, 498.

If more was necessary to justify our conclusions that the provisions of chapter 217, although operating upon pending actions, were not unconstitutional for any of the reasons thus far discussed, that justification would be found in a long line of decisions, including those of the Supreme Court of the United States and our own, uniformly holding that the power of legislative bodies to repeal Acts prescribing penalties and forfeitures in such manner as to prevent recoveries in pending suits is, in the absence of special constitutional limitations not found in our Constitution, full and ample. *Norris* v. *Crocker*, 13 How. (U. S.) 429 ; *Welch* v. *Wadsworth*, 30 Conn. 149 ; *Butler* v. *Palmer*, 1 Hill (N. Y.) 324 ; *Lewis* v. *Foster*, 1 N. H. 61 ; *Oriental Bank* v. *Freeze*, 18 Me. 109 ; *Mix* v. *Illinois Central R. Co.*, 116 Ill. 502 ; *Cleveland, C. C. & St. L. Ry. Co.* v. *Wells*, 65 Ohio St. 313 ; *Bay City & E. S. R. Co.* v. *Austin*, 21 Mich. 390 ; *Anderson* v. *Byrnes*, 122 Cal. 272 ; *Bank of St. Mary's* v. *State*, 12 Ga. 475 ; *Com-*

*monwealth* v. *Standard Oil Co.*, 101 Pa. St. 119, 150; *State* v. *Village of Passaic*, 36 N. J. L. 382; *Musgrove* v. *Vicksburg & N. R. Co.*, 50 Miss. 677; *Pope* v. *Lewis*, 4 Ala. 487, 489.

The plaintiff's final claim, that chapter 217 of the Public Acts of 1905 denies to him and all others who may have had suits pending the equal protection of the laws, is based upon the assumption that it singles out for discriminating action a portion only of those who might prosecute suits under the repealed § 324. This assumption we have already had occasion to see was a mistaken one, since new actions were made impossible by the repeal. That being so, the amelioration of the penalty contained in chapter 217 was one which affected alike all actions which were then or ever could be pending, and there was no singling out of persons to be reached by the new legislation, and no arbitrary or unreasonable classification made. The plaintiff's argument necessarily falls with the assumption. *Cotting* v. *Kansas City Stock Yards Co.*, 183 U. S. 79, 111; *Norwich G. & E. Co.* v. *Norwich*, 76 Conn. 565, 573.

There is no error.

In this opinion the other judges concurred.