# AMERICAN SURETY COMPANY OF NEW YORK *v.* SHULZ.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 643. Argued February 23, 1915.—Decided April 5, 1915.

Under § 24, Judicial Code, the District Court has jurisdiction of a suit to enforce a supersedeas bond given under §§ 1000 and 1007, Rev. Stat. Such a suit is one of a civil nature arising under the Constitution or laws of the United States even though the suit in which the bond was given was not one so arising.

A supersedeas bond is not a substitute for the judgment in a civil suit for which it is given—the judgment and bond are distinct; the former rises out of the common law and the latter out of a law of the United States.

THE facts, which involve the jurisdiction of the District Court of the United States under § 24 Judicial Code, are stated in the opinion.

*Mr. Charles F. Carusi*, with whom *Mr. Henry C. Wilcox, Mr. Walter B. Grant* and *Mr. Joseph M. Gazzam* were on the brief, for plaintiff in error.

*Mr. Abram J. Rose*, with whom *Mr. Alfred C. Petté* and *Mr. Philip M. Brett* were on the brief, for defendant in error.

MR. JUSTICE LAMAR delivered the opinion of the court.

Shultz brought suit in a New York court against Whitcomb for breach of contract. The case was removed to the United States District Court for the Southern District of New York, where the plaintiff recovered a judgment for $25,000. The defendant, Whitcomb, in order to take the case to the Circuit Court of Appeals, gave a supersedeas

bond for $30,000, with the American Surety Co. as security. The judgment was affirmed, and not having been paid, Shultz brought suit on the bond against the Surety in the United States District Court for the Southern District of New York.

The defendant demurred on the ground that the Federal court had no jurisdiction. The demurrer was overruled and the case was brought here by the Surety Company, where it contends that though the bond may have been given by virtue of the laws of the United States, "the suit thereon did not involve any controversy respecting the validity, construction or effect of such law" and hence the Federal court was without jurisdiction—the parties not being citizens of different States. *Shulthis* v. *McDougal*, 225 U. S. 561.

This conclusion would be correct if the suit is to be treated as an ordinary action on a sealed instrument voluntarily given. *Lovell* v. *Newman*, 227 U. S. 425. But while in a sense the supersedeas bond was the contract of the Surety Company it was not made in pursuance of any agreement with Shultz and could have been given over his objection, since the laws of the United States (Rev. Stat., §§ 1000, 1007) declared that a writ of error could be obtained by the defendant filing an approved bond with surety conditioned to make good his appeal. Such a bond operated to stay the judgment. Conversely, when that judgment was affirmed, the same laws of the United States gave Shultz a right of action on the bond, and in the suit to enforce that right the measure of his recovery depended upon the construction to be given the Federal statute. Such a suit to enforce such a right could be brought in the United States court by virtue of § 24 of the Judicial Code, which declares that the District Court has jurisdiction of any suit of a civil nature at common law which "arises under the Constitution or laws of the United States."

While there has been no ruling by this court as to

whether a suit on a supersedeas bond can be said to 'arise out of the laws of the United States,' yet there would seem to be no doubt on the subject when the source and nature of the plaintiff's cause of action is considered. If there was room for discussion, the matter is concluded by *Bock* v. *Perkins*, 139 U. S. 628, and *Sonnentheil* v. *Morlein Co.*, 172 U. S. 401, where it was held that a suit on a United States marshal's bond was one arising under the laws of the United States which, therefore, could be brought in the Federal court without regard to the citizenship of the parties. Compare *Tullock* v. *Mulvane*, 184 U. S. 497, 506.

The Surety Company insists, however, that those cases relate to suits on bonds intended to secure the performance of a Federal duty by Federal officers and are not applicable to a case like this, where the suit is on a bond given to supersede a judgment which did not arise out of the laws of the United States but was a mere evidence of a liability which arose at common law and became a security therefor. *Tennessee* v. *Union Bank*, 152 U. S. 454; *Metcalf* v. *Watertown*, 128 U. S. 587; *Provident Society* v. *Ford*, 114 U. S. 635, 641. In effect the argument is that Whitcomb's common law liability was superseded by the judgment; the judgment was superseded by the bond, and as the judgment did not arise under the laws of the United States, neither did the right of action on the bond, which was a mere substitute for the judgment.

But the bond is not a substitute for the judgment nor is it of the same nature. Indeed, it was given for the very purpose of preventing the plaintiff from enforcing it and to enable the defendant, Whitcomb, to prosecute an appeal in an effort to have it set aside. The judgment and the bond were wholly distinct, and arose out of different laws—one out of the common law, the other out of a law of the United States. When the amount of Whitcomb's liability for breach of contract had been adjudged by the Federal court the plaintiff was entitled, at once, to enforce

payment by levy and sale. The laws of the United States, however, intervened and gave to the defendant a means of preventing immediate collection and possibly of defeating the judgment. 'This delay,—which was helpful to the defendant,—was granted by a Federal statute on condition that he would file a bond with surety conditioned to pay the plaintiff in the event the defendant failed to make good his appeal. If that appeal was not made good the plaintiff's right of action likewise arose out of a Federal statute. A court of the United States had jurisdiction to determine whether there had been a breach of the condition and, if so, the extent of plaintiff's rights and of the defendant's liability under such law. The judgment of the District Court is

*Affirmed.*