3 F.2d 872 (1925)
In re WALKER GRAIN CO.
WILKINSON
v.
WALKER (two cases).
WALKER
v.
WILKINSON.
Nos. 4346, 4406, 4407.
Circuit Court of Appeals, Fifth Circuit.
January 24, 1925.
Stanley Boykin and H. C. Ray, both of Fort Worth, Tex. (Geo. M. Conner and *873 Capps, Cantey, Hanger & Short, all of Fort Worth, Tex., on the brief), for petitioner, defendant in error, and plaintiff in error on cross-writ of error.
J. A. Templeton, of Fort Worth, Tex., W. E. Spell, of Waco, Tex., Clay Cooke, of Fort Worth, Tex., and G. A. Stultz, of Wichita, Kan., for respondent, plaintiff in error, and defendant in error on cross-writ of error.
Before WALKER and BRYAN, Circuit Judges, and DAWKINS, District Judge.
BRYAN, Circuit Judge.
These suits arise out of bankruptcy proceedings instituted against the Walker Grain Company.
No. 4346 is a petition to superintend and revise an order of the District Court refusing to enforce a summary order theretofore issued by it, which required the respondent, J. L. Walker, to pay over to the trustee of the bankrupt the sum of $5,290, which he had collected from the bankrupt and appropriated to his own use as salary during the period intervening the filing of the petition in bankruptcy and the adjudication.
No. 4406 is a plenary suit by the trustee against J. L. Walker as surety on a bond, dated October 7, 1918, for $25,000, payable to the United States for the benefit of petitioning creditors, and conditioned to deliver to W. W. Wilkinson, receiver, all the property, funds, and effects of which the bankrupt was at that time possessed, or which might come into its possession at any time pending hearing by the District Court. The referee on October 7, 1918, entered an order appointing Wilkinson receiver, and authorizing him to take immediate possession of the assets of the bankrupt, and this order was on November 26, 1918, in all things confirmed by the District Judge. However, the bankrupt remained in possession of its property, by reason of the giving of the bond above mentioned and another bond on appeal to this court, until November 22, 1919, when the Walker Grain Company was adjudicated a bankrupt, after which the receiver, Wilkinson, was appointed trustee in bankruptcy.
The petition in the suit on the bond (No. 4406) alleged that, pending the hearing before the District Court on November 26, 1918, the bankrupt became possessed of money and property of the value of $37,000, which it had never delivered to the receiver or any officer of the bankrupt court. The petition prayed judgment for the full amount of the bond. Walker in his answer denied the averments of the petition and demanded strict proof, and pleaded further that whatever amounts of money the bankrupt failed to pay over to the receiver or the trustee had been properly paid out to carry on its business, and that none of the funds received by it had been wrongfully converted, used, or appropriated. At the close of the evidence each of the parties moved for a directed verdict in his favor; the trustee for the full amount of the bond, and the defendant Walker that the trustee take nothing by his suit. Thereupon the court found that the bankrupt had collected $25,812.99 from the assets of the bankrupt estate, which it had failed to pay over to the receiver or the trustee. From this amount the court deducted $14,065.52, of which $5,290 was allowed as salary to the defendant Walker, and the balance as reasonable and necessary expenses for the hire of clerks and employees, and for the preservation of the bankrupt estate.
In Walker v. Wilkinson, 295 F. 123, this court affirmed the order of the District Court requiring Walker to pay to the trustee in bankruptcy the sum of money involved in the petition to superintend and revise. Upon the record as presented to us in this case, it is not claimed that Walker is unable to comply with that order. It therefore was the duty of the District Judge to give effect to the mandate of this court. Illinois v. Ill. Central Railroad Co., 184 U. S. 77, 22 S. Ct. 300, 46 L. Ed. 440; Farmers' & Mechanics' National Bank v. Wilkinson, Trustee, 45 S. Ct. 144, 69 L. Ed. ___, decided by the Supreme Court January 5, 1925.
In No. 4406 the contentions are: (1) That the court was without jurisdiction, because there was no diversity of citizenship, and no law of the United States requiring or authorizing the taking or giving of the bond sued on; (2) that, inasmuch as the bond was made payable to the United States for the benefit of petitioning creditors, suit could not be brought thereon by the trustee, who is neither the payee nor beneficiary therein named; (3) that the condition of the bond required the delivery of the assets of the bankrupt estate only upon an order to that effect being made by the district court, whereas the court, instead of requiring all of such assets to be delivered to the trustee, allowed a part thereof to be applied to salaries and expenses, and further that the trustee was undertaking to enforce by a summary order the payment to him of the sum so withheld; and (4) that the court admitted in evidence a copy of the bond and did not require the original to be produced.
*874 1. It is to be conceded that the District Court did not acquire jurisdiction by reason of diversity of citizenship of the parties; but we are of opinion that the court did acquire jurisdiction, because the laws of the United States authorize the taking of the bond in suit by the bankruptcy court. The case of Lovell v. Newman, 227 U. S. 412, 33 S. Ct. 375, 57 L. Ed. 577, is not in point, because the property released on the bond in that case was not within the custody of the bankrupt court. There the right to recover depended upon the ownership of the property by the bankrupt before the bankruptcy proceedings. In the case at bar the bankrupt's property was in the potential custody of the bankrupt court, for the adjudication related back to the date of the filing of the petition. Farmers' & Mechanics' National Bank v. Wilkinson Trustee (C. C. A.) 295 F. 120. We think this is a suit arising under a law of the United States. American Surety Co. v. Schultz, 237 U. S. 159, 35 S. Ct. 525, 59 L. Ed. 892. Bankruptcy courts are invested with jurisdiction at law and in equity to appoint receivers for the preservation of bankrupt estates. Bankruptcy Act, § 2 (3), being Comp. St. § 9586; General Orders and Forms in Bankruptcy, No. 37. The power to require a bond in a receivership proceeding is incidental to and included within the power conferred by the bankrupt act to appoint receivers.
2. The trustee, as successor to the receiver, is the real beneficiary of the bond. Although the bond is made payable to the United States, it is so made for the benefit of petitioning creditors. The trustee represents the creditors, and has the power to enforce their rights. In Texas the real beneficiary can bring suit. Morris & Cummings v. Schooner Leona, 62 Tex. 35. The form of the remedy is governed by the lex fori. Willard v. Wood, 135 U. S. 309, 10 S. Ct. 831, 34 L. Ed. 210. The cases relied on by the plaintiff in error are not in conflict with this view. They merely hold that a suit may be brought by the obligee, and not that the real beneficiary is precluded from bringing the suit in his own name.
3. Upon a review of the referee's order appointing a receiver, the District Judge approved and confirmed it, and by doing so required the receiver to take immediate possession of all the assets of the bankrupt. Immediate compliance with this order was avoided by the giving of a supersedeas bond pending appeal to this court. It is true that another District Judge in No. 4346 allowed a deduction in the amount of the bond, from which it is argued that there had been no order requiring delivery of all the assets of the bankrupt estate, and that therefore the condition of the bond has not been broken. But that argument ignores the prior order of November 26, 1918. It is a matter of no consequence that the trustee has undertaken by summary order, as well as by plenary suit, to secure possession of the assets of the estate. He has the right to pursue both methods, although he is entitled to have his claim satisfied but once. The plaintiff in error cannot use the summary proceeding to defeat the plenary suit, and vice versa.
4. It was unnecessary to introduce a copy of the bond in evidence, inasmuch as the answer did not deny execution. Revised Statutes Texas, art. 1906; I. & G. N. Ry. Co. v. Tisdale, 74 Tex. 8, 11 S. W. 900, 4 L. R. A. 545. The cases cited by the plaintiff in error arose under an earlier statute, not now in force, and hence have no application.
In No. 4407 the trustee has filed cross-assignments of error, in which he complains of the action of the trial court in refusing to direct a verdict in his favor for the full amount of the bond. There is no formal prayer for reversal, and upon that ground the plaintiff in error moves to dismiss the cross-writ. The defendant in error moves to amend by including a prayer for reversal. Permission to do that is given, and the motion to dismiss is denied. The District Court found as a fact, and it is undisputed, that the bankrupt failed to deliver to the trustee an amount of money received by it during the period covered by the bond in excess of the amount therein stipulated. It results from what we have already said that in our opinion the court erred in deducting $5,290 received as salary by the plaintiff in error from the bankrupt. We are of opinion, also, that it was error to deduct the other expenses incurred after the petition in bankruptcy was filed. The bond sued on required the bankrupt to deliver to the receiver all money and property received pending the stay of receivership proceedings. Aside from the terms of the bond, it was plaintiff in error's duty to surrender whatever funds he had in his possession, and to submit any claim for services rendered after the petition in bankruptcy was filed to the bankrupt court, where they could be considered on their merits in the usual and orderly way as expenses incurred in the *875 preservation of the bankrupt estate. Bank v. Wilkinson (C. C. A.) 295 F. 120.
In No. 4346 the petition to superintend and revise is granted, with directions for further proceedings consistent with this opinion.
In No. 4406 the plaintiff in error takes nothing. The judgment is reversed on the cross-writ of error in No. 4407, with directions to the District Court to enter judgment for $25,000, the full amount of the bond, together with legal interest, in favor of the trustee in bankruptcy.