## PETERS et al. v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
July 20, 1927.

### No. 7739.

1. **Constitutional law ⟨key⟩61—Legislative power cannot be conferred on courts.**

Legislative power cannot be conferred on the courts.

2. **Criminal law ⟨key⟩1197—Supersedeas bond, conditioned on defendant paying fine and costs imposed by District Court, held supported by consideration, and liability thereon not affected by subsequent change in rule eliminating such condition (28 USCA § 869; Judicial Code, § 122 [28 USCA § 219]).**

Under Rev. St. § 1000 (28 USCA § 869 [Comp. St. § 1660]), and Judicial Code, § 122 (28 USCA § 219 [Comp. St. § 1114]), Circuit Court of Appeals of the Eighth Circuit had authority to adopt its rule 35, providing that supersedeas bond in criminal cases shall be conditioned that "defendant shall pay any fine and costs imposed by the judgment of the District Court against him," and a supersedeas bond given in the form therein prescribed and conditioned was not without authority, nor without consideration, and obligation thereunder became enforceable on affirmance of the judgment of conviction, notwithstanding elimination from rule, after writ of error was sued out and before it was lodged, of the quoted clause requiring defendant to pay fine and costs.

In Error to the District Court of the United States for the Western District of Arkansas; Frank A. Youmans, Judge.

Action by the United States against C. C. Peters and another. Judgment for plaintiff, and defendants bring error. Affirmed.

H. C. Wade, of Fort Worth, Tex., and Paul Jones and Paul Jones, Jr., both of Texarkana, Ark., for plaintiffs in error.

S. S. Langley, U. S. Atty., of Ft. Smith, Ark.

Before KENYON, Circuit Judge, and MOLYNEAUX and JOHN B. SANBORN, District Judges.

MOLYNEAUX, District Judge. This cause is here on a writ of error for review of

the judgment of the court below in favor of the United States, upon a supersedeas bond given by S. E. Davis, as principal, and C. C. Peters and A. R. Guthridge, as sureties.

S. E. Davis was indicted, tried, and convicted on five counts charging him with using the United States mails in furtherance of his schemes to defraud. He was sentenced to pay a fine of $500 on each of said counts, making it an aggregate of $4,500. From this sentence Davis sued out a writ of error to this court, wherein the judgment was affirmed. To the end that he might have his liberty, pending the decision of this court on the writ of error, he gave therein a supersedeas bond wherein the defendants in this action were his bondsmen. By the terms of this bond, among other things, the defendants bound themselves "to pay any fines and costs imposed by the judgment of the District Court against him (the said Davis) if the judgment shall be affirmed or the writ of error dismissed."

The petition for writ of error was filed on the 23d day of May, 1924, and allowed on the same day. The amount of the bond was fixed by the court in the sum of $20,000. The supersedeas bond was approved and filed June 7, 1924. The form of the bond was required by rule 35 of this court. Rule 35 was changed on June 13, 1924, by eliminating from the form of the bond required of defendants on writ of error in criminal cases, the clause: "Defendant shall pay any fine and costs imposed by the judgment of the District Court against him." At the time said rule was so changed, on June 13, 1924, while the writ of error had been sued out, said writ had not then been filed in this court, and was not so lodged until long after June 13, 1924. When the writ of error was so lodged in this court, the rule had been so as aforesaid changed.

The answer of the defendants filed herein alleges that said rule 35, which was adopted by this court on October 28, 1918, was in force at the time the bond was filed, prescribing the form of appearance bond on writ of error in criminal cases, containing the clause, "Defendant shall pay any fine and costs imposed by the judgment of the District Court against. him," is in the nature of a penalty, and that. said rule in itself was a penal rule restricting the rights of the defendants to appeal, and upon its abrogation on June 13, 1924, any and all liability, if any existed, on the part of said defendant, for the payment of said fine, or any part thereof, assessed against said S. E. Davis, ceased and determined. The answer further alleges that there was no consideration for the execution of said bond on the part of the defendants, in this: That the rule

required the bond to carry provision for the payment of the fine, which was in effect on June 7, 1924, which was before the writ of error was lodged in this court. The answer also alleges that the bond has not been forfeited or estreated by any proper order of court, nor has any scire facias issued therein, citing defendants, or either of them, to appear and show cause why said bond should not be forfeited or estreated, and that no demand for payment of said bond, and no effort to collect the same, was made prior to the bringing of the suit.

The United States demurred to the answer, and dismissed its cause of action for money had and received, and stood on its suit on the bond. The demurrer was sustained. Judgment was entered in the court below for $2,500 against the defendants in favor of the United States. The assignments of error are: (1) The court erred in sustaining the demurrer to the amended and substituted answer of C. C. Peters. (2) The court erred in rendering judgment in favor of plaintiff and against defendants C. C. Peters and A. R. Guthridge, upon the sustaining of the demurrer to said amended and substituted answer of the defendant C. C. Peters. Wherefore defendants C. C. Peters and A. R. Guthridge pray that the judgment be reversed and the cause be remanded for a new trial.

1. The appellants base their contention that the judgment of the lower court should be reversed upon the proposition that this court, in prescribing by its rule 35 that the defendant in a criminal case shall give a bond, with sureties, carrying the condition that he "shall pay any fine and costs imposed by the judgment of the District Court against him," imposed a condition "highly penal in its nature, and that the abrogation of the clause in question relieved the bondsmen of all liability for the payment of the fine." This proposition is bottomed on the assumption that the action of the court in adopting said rule was legislative in its character, or, as defendants put it, "tantamount to a legislative act."

Appellants cite in support of their contention cases holding the well-established rule of law that under the general principles of the common law the repeal of a penal law operates as a remission of all penalties for the violation thereof before the repeal, and relieves from prosecution therefor after said appeal, unless there be either an express provision in the repealing statute or some other statute providing otherwise. U. S. v. Reisinger, 128 U. S. 398, 401, 9 S. Ct. 99, 32 L. Ed. 480; also, 6 R. C. L. 317; Templeton v. Linn County, 22 Or. 313, 29 P. 795, 15 L. R. A. 730;

Oriental Bank v. Freeze, 18 Me. 109, 36 Am. Dec. 701; West Troy Fire Dept. v. Ogden, 59 How. Prac. (N. Y.) 21; Welch v. Wadsworth, 30 Conn. 149, 79 Am. Dec. 239; St. Mary's v. State, 12 Ga. 475; Parmelee v. Lawrence, 44 Ill. 405; Henschall v. Schmidtz, 50 Mo. 454; Chaffe v. Aaron, 62 Miss. 29; Menard County v. Kincaid, 71 Ill. 587; Musgrove v. Vicksburg & N. R. Co., 50 Miss. 677; 12 C. J. 1081.

[1] It is needless to say that legislative power cannot be conferred upon the courts. That the Circuit Court of Appeals possessed the authority of the law to adopt the rule in question, which it would not have the power to do if its act in doing so was legislative in character has been held by this court in the case of Williams et al. v. United States (C. C. A.) 1 F.(2d) 203, 69 L. Ed. 475, by the Circuit Court of Appeals of the Sixth Circuit in the case of Hardesty v. United States, 184 F. 269, 106 C. C. A. 411, and by the Fifth Circuit Court of Appeals in the case of American Surety Co. of New York v. United States, 239 F. 680, 152 C. C. A. 514, in each of which cases recovery was had upon such a bond as an express contract.

[2] The authority of the court to adopt the rule is derived from the acts of Congress (Rev. St. § 1000 [28 USCA § 869; Comp. St. § 1660]) relating to supersedeas bonds, and Judicial Code, § 122 (28 USCA § 219 [Comp. St. § 1114]), authorizing Circuit Courts of Appeals to prescribe "the form of writs and other process and procedure." Rev. St. § 1000 (Comp. St. § 1660), applies to civil as well as criminal cases, and authorizes the Circuit Court of Appeals to prescribe the form of bond in either class of cases. There is no distinction in the character of the bond in the two classes of cases. Both are authorized and fixed by the same authority, the statutes above referred to.

In the absence of the bond, execution could have been issued against the property of Davis. The consideration for the bond is the staying of the judgment in the District Court. "The bond is not a substitute for the judgment, nor is it of the same nature. Indeed, it was given for the very purpose of preventing the plaintiff from enforcing it, and to enable the defendant, Whitcomb, to prosecute an appeal in an effort to have it set aside; * * * when the amount of Whitcomb's liability for breach of contract had been adjudged by the federal court, the plaintiff was entitled at once to enforce payment by levy and sale. The laws of the United States, however, intervened and gave to the defendant a means of preventing immediate collection and possibly of defeating the judgment. This delay, which was helpful to the defendant, was granted by a federal statute on condition that he would file a bond, with surety, conditioned to pay the plaintiff in the event the defendant failed to make good his appeal." American Surety Co. of New York v. Schultz, 237 U. S. 159, 35 S. Ct. 525, 59 L. Ed. 892.

It was said in Williams et al. v. United States, supra: "It is elemental that the right to appellate review of a judgment * * * and sentence in a criminal case does not exist, absent a statute conferring such right. * * * Obviously it follows, as a corollary to the rule, that the Legislature may attach such conditions to the exercise of the right as it sees fit." The obligation under the bond became enforceable, and suit lay for recovery upon it, upon the affirmance of the judgment. American Surety Co. of N. Y. v. Schultz, supra; Williams et al. v. United States, supra; American Surety Co. v. United States, supra; Hardesty v. United States, supra.

The judgment of the District Court is affirmed.