## YOUNG v. DALEY.

. (Circuit Court, N. D. New York. March 6, 1911.)

1. **Costs (§ 246\*)—Surety—Liability.**

   The surety on a bond on appeal from the United States Circuit Court to the Circuit Court of Appeals, conditioned on the payment of all costs that may be adjudged, is liable for the costs in both courts on the final judgment entered on the mandate of the Circuit Court of Appeals, awarding the costs in the Circuit Court of Appeals and confirming the award of costs in the Circuit Court.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 947–950; Dec. Dig. § 246.\*]

2. **Costs (§ 246\*)—Surety—Liability.**

   An affidavit in opposition to an application by plaintiff for an order directing the surety on the appeal bond of defendant and appellant to pay costs, made on information and belief, without disclosing the sources of information or grounds of belief, that the judgment has been assigned to the solicitors of plaintiff, is not proof of the assignment, and will not defeat the application.

   [Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 947–950; Dec. Dig. § 246.\*]

3. **Limitation of Actions (§ 39\*)—Recovery of Costs.**

   Under Code Civ. Proc. N. Y. §§ 382–388, prescribing limitations of actions not on sealed instruments or on judgments of courts of record, and providing that the period of limitations not provided for shall be 10 years, an application for an order directing the surety on a bond on appeal from the Circuit Court to the Circuit Court of Appeals to pay costs on the affirmance is barred in 10 years.

   [Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 190–211; Dec. Dig. § 39.\*]

Action by William H. Young against Dennis Daley. There was a judgment of the Circuit Court of Appeals, affirming a judgment of the Circuit Court, and plaintiff applied for an order directing the Fidelity & Deposit Company of Maryland, surety on the appeal bond of defendant and appellant Dennis Daley, to pay costs. Granted.

Application for an order directing the Fidelity & Deposit Company of Maryland, surety on appeal bond of defendant and appellant Dennis Daley, conditional, it is claimed, to pay the sum of $31.70 costs of

---

\*For other cases see same topic & § number in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

appeal to the Circuit Court of Appeals, and the further sum of $185.36 costs awarded to the plaintiff in the Circuit Court, in addition to $250 damages, and from which judgment of the Circuit Court an appeal was taken to the Circuit Court of Appeals (120 Fed. 1023), and interest on such costs.

Frank C. Curtis, for the motion.

O'Brien, Boardman & Platt, opposed.

RAY, District Judge. The plaintiff recovered judgment in the Circuit Court on the 25th day of February, 1902, against the defendant for $250 damages and $185.36 costs, and the defendant took an appeal therefrom to the Circuit Court of Appeals, where the judgment was affirmed, with $31.70 costs of appeal, and thereupon the judgment of that court was made the judgment of the Circuit Court on the 29th day of February, 1904. No part of the costs in either court has been paid, although execution was issued and returned unsatisfied. The contention of the Fidelity & Deposit Company of Maryland, surety for the defendant and appellant on the bond hereafter referred to, is that it is liable only for the costs of the appeal, $31.70, and interest. The bond on appeal from such judgment was for $500, and dated July 14, 1902. The bond, duly executed, recited the above judgment of the Circuit Court and proceeded:

"And whereas, the above-named defendant hath prosecuted his appeal to the United States Circuit Court of Appeals for the Second Circuit to reverse in part the final judgment and decree rendered in the above-entitled suit by the Circuit Court of the United States for the Northern District of New York: Now, therefore, the condition of this obligation is that if the above-named Dennis Daley shall prosecute his said appeal to effect and answer all costs that may be adjudged or awarded against him, if he shall fail to make good his plea, then this obligation to be void; otherwise to remain in full force and virtue."

Daley did prosecute his appeal, but having been defeated, and the judgment below affirmed, he has failed to pay the costs in the Circuit Court of Appeals, and also those awarded in the Circuit Court, and as to which the judgment was affirmed. The obligation of the bond is to "pay all costs that may be adjudged or awarded against him." It is not limited in terms to the costs awarded against him in the Circuit Court of Appeals as costs of the appeal, nor is it, in express terms, made to cover the costs awarded in both courts. However, "all costs adjudged or awarded against him" (said Daley) are to be paid.

In Expanded Metal Company et al. v. Bradford et al. (C. C.) 177 Fed. 604 (citing The Schooner Joseph B. Thomas (D. C.) 158 Fed. 559), Judge Holland held that such a bond covers the costs in both courts. To the same effect are Persons v. Wirgman (C. C.) 140 Fed. 207, and McClaskey et al. v. Barr et al. (C. C.) 79 Fed. 408, 413. The final judgment or order entered on the mandate of the Circuit Court of Appeals not only awarded against the defendant the costs in the Circuit Court of Appeals, but confirmed the award against him of the costs in the Circuit Court, and so the costs in both courts were finally awarded against him and come within the language "all costs adjudged or awarded against him." The bond was not limited to costs

"in the Circuit Court of Appeals" awarded against him, and I do not see how the court can read those words into the bond.   In the absence of authority to the contrary, and I am not cited to any, I think I should follow the decisions referred to.

The bond is under seal, and I do not think that the statute of limitations applies to prevent a recovery on the bond.   It is said in the opposing affidavits, on information and belief, solely, and without stating any sources of information or grounds of belief that the judgments have been assigned to Mosher & Curtis, who were solicitors for the plaintiff.   This is not proof of such assignment.   However, the sum secured to be paid by the bond is to be paid to "the said William H. Young, his certain attorney, executors, administrators, or assigns," etc. The statute of limitations is no defense to this application.   By section 382, Code of Civil Procedure, certain actions not on sealed instruments, or on judgments of courts of record, must be brought within six years. Limitations of a shorter period are prescribed in sections 383 to 387, but none of them apply to actions upon sealed instruments or on judgments of courts of record.   Section 388 provides that the period of limitation in actions not provided for in the preceding sections shall be ten years.   Therefore the ten-year period applies here.   Of course, this bond was not security for the damages awarded.

The motion is granted, but Young, Mosher & Curtis, and Frank C. Curtis should unite in a satisfaction of the claim and tender same.