AMERICAN SURETY CO. v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. February 21, 1917. Rehearing Denied March 30, 1917.)

No. 2965.

1. CRIMINAL LAW ⊜➙1076(3)—WRIT OF ERROR—BOND—PAYMENT OF COSTS.

Rev. St. § 974 (Comp. St. 1913, § 1615), provides that, on every conviction for an offense not capital, the court may in its discretion award that the defendant shall pay the costs of the prosecution. Judicial Code (Act March 3, 1911, c. 231) § 128, 36 Stat. 1133 (Comp. St. 1913, § 1120), authorizes the Circuit Court of Appeals to review final decisions of the District Court, whether such decisions are in civil or criminal cases. Rev. St. § 1000 (Comp. St. 1913, § 1660), provides that every justice or judge signing a citation on any writ of error shall take security that the plaintiff in error shall prosecute his writ to effect, and if he fail to make his plea good shall answer to all costs, where the writ of error is not a supersedeas. Act Feb. 6, 1889, c. 113, § 6, 25 Stat. 656 (Comp. St. 1913, § 1703), provides that a writ of error shall be allowed as of right and without security in capital cases. Held, that Rev. St. § 1000, applied to writs of error in criminal as well as in civil cases, where the court had exercised the discretion given it to adjudge the costs against defendant, and a bond given to secure the prosecution of a writ of error from such judgment and the payment of costs, though the writ was not made a supersedeas, is valid.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 2710, 3201.]

2. CRIMINAL LAW ⊜➙1004—REVIEW—NATURE OF RIGHT.

The right to an appellate review of a conviction in a criminal case does not exist, except by virtue of a statute conferring it, and the exercise of the right is dependent on compliance with the statutory requirements prescribed therefor.

3. COURTS ⊜➙92—RULES OF DECISION—OPINION OF SUPREME COURT—DICTA.

Expressions found in opinions of the Supreme Court cannot be given the effect of authoritative rulings on questions not involved in the particular cases respectively dealt with.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 335.]

In Error to the District Court of the United States for the Western District of Louisiana; Aleck Boarman, Judge.

The Waters-Pierce Oil Company was convicted of a crime, and adjudged to pay a fine and costs of the prosecution, and gave bond, on which the American Surety Company was surety, conditioned on prosecuting its writ of error and paying all costs, if it failed to make its plea good. From a judgment against the surety for the amount of the costs of the prosecution, the surety brings error. Affirmed.

J. D. Johnson, of St. Louis, Mo., and J. D. Wilkinson, of Shreveport, La., for plaintiff in error.

Geo. Whitfield Jack, U. S. Atty., of Shreveport, La. (Robert A. Hunter, Asst. U. S. Atty., of Shreveport, La., on the brief), for the United States.

Before WALKER, Circuit Judge, and GRUBB, District Judge.

WALKER, Circuit Judge. The Waters-Pierce Oil Company was convicted of rebating, and was adjudged to pay a fine and all costs of the prosecution. A writ of error to review that judgment was allowed upon the defendant therein giving bond according to law in the sum of $2,000 without supersedeas. Pursuant to that order a bond was given, with condition:

"That if said Waters-Pierce Oil Company shall prosecute said writ of error to effect, and answer all cost if it fail to make the said plea good, then the above obligation to be void; else to remain in full force and effect."

The judgment of conviction was affirmed by this court. The present writ of error presents for review a judgment against the surety on the above-mentioned bond for the amount of the costs of the prosecution which had been adjudged against the principal in that bond. The surety denied liability on said bond on the ground that it was executed without authority of law and was without consideration, because the Waters-Pierce Oil Company was entitled as a matter of right, and without being required to give any bond, to the writ of error to secure a review of the judgment convicting it of a criminal offense.

[1] The part of the judgment of conviction which awarded costs against the defendant therein was authorized by the statute (R. S. § 974 [Comp. St. 1913, § 1615]), which provides that:

"When judgment is rendered against the defendant in a prosecution for any fine or forfeiture incurred under a statute of the United States, he shall be subject to the payment of costs; and on every conviction for any other offense not capital, the court may, in its discretion, award that the defendant shall pay the costs of the prosecution."

The appellate jurisdiction of this court to review that judgment is conferred by a statute which is applicable alike to final decisions in the district courts, whether such decisions are in civil or criminal cases. Judicial Code, § 128.

"Every justice or judge signing a citation on any writ of error, shall, except in cases brought up by the United States or by direction of any department of the government, take good and sufficient security that the plaintiff in

error or the appellant shall prosecute his writ or appeal to effect, and, if he fail to make his plea good, shall answer all damages and costs, where the writ is a supersedeas and stays execution, or all costs only where it is not a supersedeas as aforesaid." R. S. § 1000 (Comp. St. 1913, § 1660).

Nothing in the language of the provision just quoted indicates an intention to confine the operation of it to civil cases. It is not applicable to a writ of error on a conviction of a crime punishable by death, because another statute (25 Stat. 656) provides that:

"Every such writ of error shall be allowed as of right and without the requirement of any security for the prosecution of the same or for costs."

On a writ of error in such a case a bond for costs cannot properly be prescribed, as the statute forbids it. And it may be that the provision for taking security for costs on a writ of error which is not a supersedeas is not applicable to a judgment which does not award costs, such as a judgment in a criminal case in which the trial court, in the exercise of the discretion with which it is vested, refrains from adjudging the costs of the prosecution against the defendant. It may be inferred that the provision for securing damages and costs, both or one only, according as the writ is or is not a supersedeas, was not intended to apply to a case in which the judgment to be reviewed does not involve either damages or costs, such as a judgment of conviction which imposes imprisonment only, on a review of which no costs are allowable in this court. See subdivision 4 of rule 31 of this court (150 Fed. xxxv, 79 C. C. A. xxxv). But when the criminal case is one in which the costs of the prosecution may be awarded against the defendant, and they are so awarded, a writ of error to review such judgment is not within any express or implied exception to the provision of section 1000 of the Revised Statutes requiring the justice or judge signing a citation on a writ of error which is not a supersedeas to take good and sufficient security that the plaintiff in error shall prosecute his writ to effect, and, if he fail to make his plea good, shall answer all costs. The only provision we have found which entitles a defendant in a criminal case, who is not a pauper, to a writ of error as a matter of right and without the requirement of any security for the prosecution of the same or for costs is the above-quoted statute, which is applicable only to a conviction of a crime punishable by death.

[2] The right to an appellate review of a judgment of conviction in a criminal case does not exist, except by virtue of a statute conferring it, and the effective exercise of the right is dependent upon a compliance with applicable requirements prescribed pursuant to the statute governing the proceedings by which the remedy may be invoked. A statute (R. S. § 1000), the terms of which are as applicable to a criminal as to a civil case, requires the justice or judge signing a citation on a writ of error which is not a supersedeas, in a case not within any exception stated or to be implied, to take security that the plaintiff in error shall prosecute his writ to effect and pay all costs. As the judgment of conviction against the Waters-Pierce Oil Company awarded against it the costs of the prosecution, and as the case was not within any exception to that statute, the judge signing the citation

on the writ of error without a supersedeas to review that judgment was authorized to take the bond in question. The effect of the statute was to make a compliance with the requirement of security for costs a condition precedent to the acquisition of the right to an allowance of the writ without a supersedeas and the signing of a citation thereon. The condition may be as applicable to a criminal case not within any express or implied exception to the provision prescribing it, as to a civil case. The order imposing the condition in a case to which it is applicable, whether it is a civil or a criminal case, is to be complied with, though such compliance does not operate to stay execution of the judgment sought to be reviewed. The conclusion is that the order in question for security for costs was one which the statute authorized, indeed required, in such a case as the one in which it was made, and that the bond given in pursuance of that order cannot be regarded as having been required or executed without authority of law or as being without consideration. It follows that the court was not in error in overruling the objection made to the enforcement of the obligation evidenced by that bond. The bond covered costs adjudged by the trial court against the principal obligor. Fidelity & Deposit Co. v. Expanded Metal Co., 183 Fed. 568, 106 C. C. A. 114; Young v. Daley (C. C.) 185 Fed. 209.

We have not been referred to and have not found any former ruling on the question of the authority of a justice or judge signing a citation on a writ of error, which is not a supersedeas, to review such a judgment as the one under consideration, to require security for costs. In the argument opposing the conclusion we have reached the counsel for the plaintiff in error relied on expressions found in the opinions in the cases of In re Claasen, 140 U. S. 200, 208, 11 Sup. Ct. 735, 35 L. Ed. 409, and Hudson v. Parker, 156 U. S. 277, 284, 285, 15 Sup. Ct. 450, 39 L. Ed. 424, to the effect that, in a criminal case in which a writ of error is allowable, it is a matter of right, and that no security, such as is necessary in a civil case, is required. In the Claasen Case it was decided that a justice of the Supreme Court had authority to allow a writ of error to review a judgment of conviction on which the defendant was sentenced to imprisonment in the penitentiary, and to grant a supersedeas without requiring the giving of security; the court saying with reference to the last-mentioned feature of its ruling:

"In a criminal case there are no damages; and in such a case, the United States being a party, it is provided, by subdivision 4 of rule 24 of this court [32 Sup. Ct. xi], that in cases where the United States are a party no costs shall be allowed in this court for or against the United States."

This amounted to saying that security for damages and costs is not required where neither damages nor costs are involved. In the case of Hudson v. Parker it was decided that the allowance by a justice of the Supreme Court not assigned to the particular circuit of a writ of error, to operate as a supersedeas, to review a judgment of conviction sentencing the defendant to the penitentiary, was authorized, though the order contained no requirement of security for damages

and costs. In neither of those cases was there a decision on the question of the authority to require security for costs on a writ of error, not to operate as a supersedeas, to review a judgment of conviction which awarded the costs of the prosecution against the defendant, as in neither of those cases were there either damages or costs to be secured.

[3] Expressions found in the opinions in those cases cannot properly be given the effect of authoritative rulings on questions not involved in the particular cases respectively dealt with. Hardesty v. United States, 184 Fed. 269, 106 C. C. A. 411. Nothing in either of the opinions mentioned indicates that the view was entertained that any provision of sections 1000 and 1007 of the Revised Statutes (Comp. St. 1913, §§ 1660, 1666) governing the procedure to be followed to secure an appellate review of a final judgment, with or without a supersedeas, could properly be disregarded in a criminal case, not in some way excepted from the operation of the provision, which involves a state of facts to which the provision is applicable.

For the reasons indicated, we are of opinion that obedience to the statute requires the conclusion above stated, and that no former authoritative ruling stands in the way of that conclusion. It follows that the judgment under review should be affirmed; and it is so ordered.