## WILLIAMS et al. v. UNITED STATES. *

(Circuit Court of Appeals, Eighth Circuit. July 23, 1924.)

No. 6551.

1. **Criminal law ⟻1076(1)—Supersedeas bonds in criminal cases governed by same statute as civil cases.**

Except in capital cases, there is no statutory provision expressly relating to supersedeas bonds on writs of error in criminal cases, and allowance of such bonds is governed by Rev. St. § 1000 (Comp. St. § 1660), applying in civil cases.

2. **Criminal law ⟻1076(4)—Circuit Court of Appeals has authority to prescribe form of supersedeas bond in criminal cases.**

Under Rev. St. § 1000 (Comp. St. § 1660), relating to supersedeas bonds, and Judicial Code, § 122 (Comp. St. § 1114), authorizing the Circuit Courts of Appeals to prescribe "the form of writs and other process and procedure," the Circuit Court of Appeals of the Eighth Circuit had authority to adopt its rule 35, and a supersedeas bond given in the form therein prescribed, and conditioned, inter alia, for the payment of any fine and costs imposed on the plaintiff in error by the District Court is neither without authority nor without consideration.

In Error to the District Court of the United States for the Eastern District of Arkansas; Jacob Trieber, Judge.

Action at law by the United States against Joe Williams and others. Judgment for the United States, and defendants bring error. Affirmed.

E. L. McHaney, of Little Rock, Ark. (June P. Wooten, of Little Rock, Ark., and C. T. Cotham and Arthur Cobb, both of Hot Springs, Ark., on the brief), for plaintiffs in error.

*Certiorari denied 45 S. Ct. 126, 69 L. Ed. —.

Charles F. Cole, U. S. Atty., of Batesville, Ark.,

Before SANBORN and LEWIS, Circuit Judges, and FARIS, District Judge.

FARIS, District Judge. Plaintiffs in error, who were defendants below, were sued on a supersedeas bond by the United States, and, being cast, sued out this writ of error.

Heretofore defendant Joe Williams was convicted on an indictment in three counts, which charged him with a conspiracy to violate the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), as also with two actual violations of said act, and his punishment was fixed at imprisonment in the penitentiary for a term of one year and a day, and on the two remaining counts, fines, totaling $500, were assessed against him, together with costs. From this sentence and judgment he sued out a writ of error to this court, wherein such proceedings were had as resulted in the affirmance of the judgment. To the end that he might be at liberty, pending the decision of this court on his former writ of error, he gave therein a supersedeas bond, wherein his co-defendants herein were bondsmen. By the terms of this bond, among other things, defendants bound themselves to "pay any fine and costs imposed by the judgment of the District Court against him" (the said Williams), if the judgment shall be affirmed, or the writ of error dismissed.

Upon the affirmance of the criminal case, defendant Williams rendered himself into custody, and was duly incarcerated in the penitentiary, thus performing all of the conditions of the supersedeas bond, save that provision and condition thereof which obligated him and his bondsmen to pay the fines of $500 assessed against him, together with the costs. Upon refusal to pay these fines and costs, this action on this bond was begun against him and his bondsmen by the United States to enforce such payment. To the petition, which fully and aptly set out all of the facts, defendants demurred; their demurrer being overruled, they refused to plead further, and a judgment, whereof, as said, they herein seek reversal, was rendered against them, and in favor of the United States, for the sum of $613.03, being the aggregate of the fines and costs in the criminal case.

The form of the bond executed by defendants is provided by rule 35 of this court, which, so far as is here pertinent reads: "Where such writ of error is allowed in the criminal cases aforesaid, the District Court

before which the accused was tried, or the District Judge of the district wherein he was tried, * * * shall have the power, after the citation has been duly served, to admit the accused to bail in such amount as may be fixed, such bail bond to be, as near as may be, in the form prescribed in the appendix to these rules." The form of bond prescribed, as the same appears in the appendix, provides, inter alia, that the defendant "shall pay any fine and costs imposed by the judgment of the District Court against him, and shall surrender himself in execution of the judgment and sentence appealed from, as said court may direct, if the judgment and sentence against him shall be affirmed, or the writ of error or appeal is dismissed."

It is contended here by defendants, in fair legal effect, at least, that this court has no authority in law to provide by rule that a supersedeas bond in a criminal case shall bind the accused and the obligors therein to pay the fine and costs imposed against the accused by the sentence and judgment of the District Court, and therefore that the bond sued on is without consideration, and void and unenforceable, for lack of authority in law to require it to be given.

[1] Certain premises, as aids to a logical discussion and conclusion upon the above contention or contentions, may be laid down. These are (a) that, save and except as to those crimes conviction whereof carries death as the punishment therefor (25 Stat. 656, § 6 [Comp. St. § 1703]), there are no statutory provisions especially and solely applicable to supersedeas bonds in criminal cases; (b) that, as to such bonds, in all writs of error to review other criminal cases, the same statute applies as applies to writs of error in civil cases (section 1000, R. S. [Comp. St. § 1660]; American Surety Co. v. United States, 239 Fed. 680, 152 C. C. A. 514); (c) that a judgment for costs may be entered against a defendant, and in favor of the United States, upon conviction for a criminal offense (section 974, R. S. [Comp. St. § 1615]); (d) that a fine imposed upon conviction of a criminal offense, while in most aspects not a debt, may yet be collected by an execution against the property of defendant, as in civil cases (section 1041, R. S. [Comp. St. § 1705]; Pierce v. United States, 255 U. S. 398, 41 Sup. Ct. 365, 65 L. Ed. 697); and (e) that this court has by statute the authority to provide by rule "the form of writs and other process and procedure," as also "to establish all rules and regulations for the conduct of the

business of the court within its jurisdiction as conferred by law" (36 Stat. 1132, § 122 [Comp. St. § 1114]).

It is elemental that the right to appellate review of a judgment in a civil case and of a judgment and sentence in a criminal case does not exist, absent a statute conferring such right. American Surety Co. v. United States, 239 Fed. loc. cit. 682, 152 C. C. A. 514. Obviously it follows, as a corollary to the rule, that the Legislature may attach such conditions to the exercise of the right as it sees fit. And, as said already, the only statute which provides for the terms on which such appellate review is grantable in that sort of criminal case, which was by defendant Williams, heretofore brought before this court (Williams v. United States, 282 Fed. 617), is section 1000, R. S., supra. Unfortunately, in the sense that the fact militates against clarity and uniformity of opinion, criminal cases are of divers grades, punishable by penalties of various sorts and degrees, from death, through various terms of imprisonment, to mere fines, and capable of being committed, as to many of them, at least, by corporations, as well as by individuals. To reconcile all that has been said upon the question of the manner of taking a writ of error, the conditions of the allowance thereof, the necessity, or lack thereof, of a bond, or supersedeas bond, and the conditions of such bond, is therefore well-nigh impossible. We think that the cases upon the above points must needs be read in the light of the exact question therein up for judgment. Cf. In re Claasen, 140 U. S. 200, 11 Sup. Ct. 735, 35 L. Ed. 409; Hudson v. Parker, 156 U. S. 277, 15 Sup. Ct. 450, 39 L. Ed. 424; American Surety Co. v. United States, 239 Fed. 680, 152 C. C. A. 514; Hardesty v. United States, 184 Fed. 269, 106 C. C. A. 411. Obviously, precisely the same rule cannot well be applied to a corporation, convicted of a misdemeanor and fined therefor, as is applied to an individual, who is sentenced to imprisonment in a penitentiary.

In the one case the fine assessed might well be regarded as damages, within the purview of section 1000, R. S., supra, payment of which ought to be secured by a supersedeas bond; while in the other a bond conditioned merely for the rendition of defendant into custody on affirmance, or dismissal, would fully meet the ends of justice. But it is not necessary to decide here whether, in all cases of writs of error in criminal cases, hard and fast compliance with the provisions of section 1000, R. S., supra, is a condition precedent to the taking out of a writ of error. The case at bar involves merely the matter of two fines assessed against the defendant Williams, together with costs. The matter of the penitentiary sentence is not involved, and is, so far as concerns the questions here, a closed incident; for the latter sentence was covered by that condition of the bond which required that defendant should render himself into custody upon affirmance, and no one can well question the validity of the condition requiring such rendition.

[2] So much is said here, touching the provisions of section 1000, R. S., supra, as to show that this section does not forbid the making of Rule 35 of this court; but, on the contrary, it practically invites the making of such a rule. Of course, the rule cannot stand if it be in derogation of, or inconsistent with, the laws of the United States. Hudson v. Parker, supra, loc. cit. 281 (15 Sup. Ct. 450). But, as seen, it is neither forbidden by nor in derogation of any law, but is consistent with all the statutory law governing the subject. The question presented does not involve the advisability of the rule attacked, but merely the question of the power of this court to make such a rule.

In addition to the fact that there is no law forbidding the making of rule 35, there is a statute which expressly confers power on this court to provide by rule "the form of writs and other process and procedure." 36 Stat. 1132. It is difficult to see, absent a statute forbidding, why, under the above power, and in view of the language of section 1000, R. S., supra, this court could not legally adopt a rule such as rule 35. We are of the opinion that this court had this power. The case of Hudson v. Parker, supra, furnishes some authority for this conclusion, when based alone upon the statute first above mentioned.

Similar conclusions in exact principle, and for somewhat similar reasons, have been announced by the Circuit Court of Appeals of the Sixth Circuit in the case of Hardesty v. United States, 184 Fed. 269, 106 C. C. A. 411, and by the Fifth Circuit Court of Appeals in the case of American Surety Co. v. United States, 239 Fed. 680, 152 C. C. A. 514. In the Hardesty Case, defendants therein had been convicted of violating the federal Oleomargarine Act, and each of them sentenced to imprisonment and to pay a fine of $1,000. For some reason, both an appearance bond and a supersedeas bond were given. The latter provided that the

obligors should "answer all judgments, damages and costs, that may be awarded against them or either of them." It was held that an action would lie on the bond, in favor of the United States, against the accused and their bondsmen for these fines. The court reached the conclusion that there is no statute forbidding such a bond, nor any statute prescribing a practice in such case inconsistent with the power of the court to prescribe a form of bond similar to that before us.

In discussing some of the reasons for the conclusion reached the court said: "It is certainly true that, where the only judgment is one of imprisonment, there is nothing to secure except the appearance of the defendant, and this appearance may be assured in spite of the supersedeas by the commitment of the respondent, if bail is not allowed to be given. But such is not the case where, as here, there was in addition to the sentence of imprisonment a judgment for the payment of a fine." The court concludes: "The judgment on the bond is for the amount of the two fines, without interest, costs, or damages for delay, and the securing of these fines we think must fairly be held to have been covered by the bond. The conclusion we have reached is that the giving of the supersedeas bond was not without consideration or authority of law."

In the American Surety Co. Case, the question was only as to whether costs, provided by the supersedeas bond to be paid by the bondsmen, could be recovered. The court said: "The conclusion is that the order in question for security for costs was one which the statute authorized, indeed required, in such a case as the one in which it was made, and that the bond given in pursuance of that order cannot be regarded as having been required or executed without authority of law or as being without consideration."

The above cases and statutory provisions, and the reason of the thing, lead to the conclusion that the judgment below in the case at bar was correct, and that it ought to be affirmed; and so it is ordered.