## GREEN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1926.)

### No. 7373.

**Bail ⬤═44—Statute governing supersedeas has no relation to power to admit to bail after conviction and pending review (Comp. St. §§ 1666, 1674, 1679, 1680; Circuit Court of Appeals, rule 35).**

Comp. St. § 1666, relating to supersedeas, has no relation to the power of a federal court or judge to admit to bail a person convicted of crime pending review on writ of error, which is governed by Comp. St. §§ 1674, 1679, 1680, and in the Eighth circuit by rule 35.

On Motion to Vacate Order of District Court Allowing Bail.

Criminal prosecution by the United States against Sam T. Green. On motion by the United States to vacate order of District Court attorney allowing bail. Denied.

Andrew C. Scott, Asst. U. S. Atty.
John M. Berger, for Green.

Before SANBORN, Circuit Judge, and FARIS, District Judge.

SANBORN, Circuit Judge. No transcript of the record in the court below in any case entitled as above has ever been filed in this court. Nevertheless, under this title, counsel for the United States makes a motion that this court vacate an order of the United States District Court for the District of Nebraska, made by that court on April 2, 1926, in a case entitled, In the Matter of the Application of Sam T. Green for a Writ of Habeas Corpus, to the effect "that the petitioner, Sam T. Green, be and he is hereby discharged upon giving bail (pending appeal) in the sum of $3,000 in the case of United States v. Sam T. Green, No. 3831 Criminal."

Counsel in his motion states that the District Court tried, convicted, and on July 3, 1925, sentenced Sam T. Green to imprisonment in the Douglas county jail for two months for violations of the National Prohibition Act; that he made a motion for a new trial which was denied on November 24, 1925, that on February 23, 1926, the District Court, by proper order, allowed defendant, Green, a writ of error to this court and a supersedeas; that Green lodged his writ of error with the clerk of that court on the same day; and that, on motion of the United States on March 2, 1926, this court vacated that part of the order granting the supersedeas, because defendant, Green, had not made his application for the supersedeas and given the security therefor within 60 days after the rendition of the judgment. U. S. Compiled Statutes, § 1666.

The ground for the motion to set aside the order allowing the bail upon which counsel for the United States seems to rely is the fact that neither the application for bail nor the order allowing it was made within 60 days after the entry of judgment or the lodging of the writ of error. But section 1666 does not prohibit the allowance of bail after 60 days subsequent to the judgment when the application for it or for a supersedeas is not made within 60 days after the judgment. That section neither grants, governs, nor limits the power of the federal courts or judges to allow bail. Their jurisdiction and authority to allow bail are entirely separate and distinct from their power to allow supersedeas under section 1666, and this motion is denied. Rossi v. United States (8 C. C. A.) 11 F.(2d) 264, filed February 17, 1926; sections 1674, 1679 and 1680, U. S. Comp. St., and rule 35 of this court; McKnight v. United States, 113 F. 451, 453, 454, 51 C. C. A. 285; Hanes v. United States (C. C. A.) 299 F. 296.

Let an order be entered accordingly.