## CONNLEY et al. v. UNITED STATES.
No. 6124.

Circuit Court of Appeals, Ninth Circuit.
May 19, 1930.

C. L. Belt, Russell Graham, and Mark L. Herron, all of Los Angeles, Cal., for appellants.

Samuel W. McNabb, U. S. Atty., and Harry Graham Balter, Asst. U. S. Atty., both of Los Angeles, Cal.

Before WILBUR, Circuit Judge, and KERRIGAN, District Judge.

WILBUR, Circuit Judge.

Appellants moved this court to strike from an order of the District Court allowing an appeal herein and fixing a bond thereon, the following proviso:

"And that the bonds be conditioned that if the judgment be affirmed or appeal dismissed the several fines and the costs of the prosecution will be paid."

The order allowing appeal, which under the new practice corresponds to the writ of error, allows the appeal in express terms. The effect of this order operates as a supersedeas in so far as the term of imprisonment imposed by the judgment is concerned. In re Claasen, 140 U. S. 200, 11 S. Ct. 735, 35 L. Ed. 409. The order also provides that the defendant Connley shall be admitted to bail in the sum of $12,000, and that Quirin shall be admitted to bail upon appeal in the sum of $6,000. Then follows the portion of the order which the appellant moves to strike out. This proviso of the order is in conformity with rule 75 of the United States District Court of the Southern District of California [In re Claasen, 140 U. S. 200, 11 S. Ct. 735, 35 L. Ed. 409; Bennett v. U. S. (C. C. A. 5) 36 F.(2d) 475], which reads as follows:

"Bail after Conviction and Sentence. When the judgment in a criminal case provides for the payment of a fine, with or without sentence of imprisonment, the condition of any bail bond given pending hearing in the Court of Appeals shall be, in addition to other and usual terms, that if the judgment is affirmed, the sureties will pay the fine immediately upon the coming down of the mandate, if the defendant shall not forthwith discharge the same."

The appeal having been allowed by the District Court, the only question remaining is whether or not the provisions made by the District Court with reference to bail are excessive in their requirements. No showing is made as to the financial responsibility of the appellants nor of any hardship imposed upon them by the order of the court, nor is it alleged that they are unable to comply with the order of the court fixing bail. It is merely contended that the order is improper because the court is without authority to impose in its bail bond the condition above referred to. Such a rule and such proviso in a bail bond have been expressly approved by the Circuit Court of Appeals of the Eighth Circuit. Williams v. U. S., 1 F.(2d) 203, upholding rule 35 of that Circuit. It appears, however, that that court subsequently, on June 13, 1924, changed this rule by striking out the phrase "defendant shall pay any fine and costs imposed by the judgment of the district court against him." See Peters v. United States (C. C. A.) 20 F.(2d) 741.

Where such bonds were given in conformity with the rule and the judgment of the District Court had been affirmed and the defendant had surrendered and been imprisoned in accordance with the judgment for imprisonment, it was held that the government could recover upon the bond thus given. Williams v. United States (C. C. A.) 1 F.(2d) 203; Hardesty v. United States (C. C. A. 6) 184 F. 269; American Surety Co. v. U. S., 239 F. 680 (C. C. A. 5).

The matter of bail and the terms of the bail bond cannot properly be presented in this court or be considered by us on motion to strike out a portion of the order of the District Court fixing the amount and terms of the bail bond. The fixing of bail rests largely in the discretion of the court or judge admitting the prisoner to bail. An order admitting a prisoner to bail pending an appeal arrived at by the method here invoked would not be an exercise of that discretion by either court. If, as is claimed, the requirements of the order of the trial judge concerning the bail were too onerous and it was desired to have a bail fixed by this court, the proper method of securing such an order would be by a petition setting forth the facts upon which the application is made. This was the course pursued in No. 5775. In that case the defendants and appellants, Stephens, Spicer, and Wotkyns, have petitioned the district judge to allow an appeal and that the petitioners be admitted to bail pending the appeal; that in pursuance of the above-mentioned rule, No. 75, of the District Court for the Southern District of California, the judge ordered that the bail bond be fixed in the amount of $17,000 for Stephens and Spicer and $5,000 in the case of Wotkyns. These amounts are the total of the fines imposed by the judgment upon which an appeal was taken. The trial court also ordered that the bond be conditioned for the payment of the fine by the sureties in case of the affirmance of the sentence. Petitioner alleged that they were unable to secure the supersedeas bond in the sum fixed by the dis-

trict judge and petitioned this court that "said appeal be made a supersedeas on the filing of the bond to be fixed by this court and that petitioners be admitted to bail pending the determination of the appeal."

Upon this petition this court admitted Stephens and Spicer to bail in the sum of $10,000 and Wotkyns to bail in the sum of $1,000, and provided "that such bail bond shall not operate as a supersedeas in so far as concerns the issuance of executions to collect the fines imposed unless proper supersedeas bonds are given for that purpose." It will be observed that the application in case No. 5775 was in effect an application to this court to fix bail and was made upon the ground that the bail bond conditioned upon payment of the fines imposed in the judgment was, in effect, excessive bail.

We find nothing in Bennett v. U. S., supra, in conflict with the views we have expressed.

We are disposed to treat this motion as an application for this court to fix the bail, and therefore it is ordered that bail for appellant Connley be fixed at $12,000 and appellant Quirin at $6,000, with the usual conditions for the appearance of the appellant. Such bail bond shall not operate as supersedeas in so far as concerns the issuance of executions to collect the fines imposed unless proper supersedeas bonds are given for that purpose.