## UNITED STATES v. ST. CLAIR et al.
### No. 8765.

Circuit Court of Appeals, Eighth Circuit.
June 26, 1930.

STONE, Circuit Judge.

Frank St. Clair was convicted and sentenced to a term of imprisonment and the payment of a fine. He sued out a writ of error and made the bond shown in the footnote.[1] The judgment of conviction was affirmed in this court, and thereafter St. Clair surrendered and served the imprisonment sentence. Execution to collect the fine was unavailing, and this suit was brought upon the bond to recover the fine. The defendant Clara St. Clair answered with a general denial; that the bond was purely an appearance bond; and that to make her liable for the payment of any fine would be invalid as con-

---

[1] "Appearance Bond on Writ of Error in Criminal Case.

"Know All Men by These Presents, That we, Frank St. Clair, as principal, and E. G. Maggi and Clara St. Clair, as sureties, are held and firmly bound unto the United States of America in the full and just sum of Twenty-five hundred Dollars to be paid to the United States of America, to which payment well and truly to be made we bind ourselves, our heirs, executors, and administrators, jointly and severally by these presents.

"Sealed with our seals and dated this 21 day of November, A. D. 1925.

"Whereas, lately, at the October term, A. D., 1925, of the District Court of the United States for the District of Nebraska, Lincoln Division, in a suit depending in said Court between the United States of America, plaintiff, and Frank St. Clair, defendant, a judgment and sentence was rendered against the said Frank St. Clair, and the said Frank St. Clair, has obtained a writ of error from the United States Circuit Court of Appeals for the Eighth Circuit to reverse the judgment and sentence in the aforesaid suit, and a citation directed to the said United States of America, citing and admonishing the United States of America to be and appear in the United States Circuit Court of Appeals for the Eighth Circuit, at the City of St. Louis, Mo., 60 days from and after the date of said citation, which citation has been duly served.

"Now, the condition of the above obligation is such that if the said Frank St. Clair shall appear either in person or by attorney in the United States Circuit Court of Appeals for the Eighth Circuit on such day or days as may be appointed for the hearing of said cause in said Court and prosecute his said writ of error and shall abide by and obey all orders made by the United States Circuit Court of Appeals for the Eighth Circuit in said cause, and shall pay any fine and costs imposed by the judgment of the District Court against him, and shall surrender himself in execution of the judgment and sentence appealed from as said Court may direct, if the judgment and sentence against him shall be affirmed or the writ of error or appeal is dismissed; and if he shall appear for trial in the District Court of the United States for the District of Nebraska, Lincoln Division, on such day or days as may be appointed for a retrial by said District Court, and abide by and obey all orders made by said Court provided the judgment and sentence against him shall be reversed by the United States Circuit Court of Appeals for the Eighth Circuit, then the above obligation to be void, otherwise to remain in full force, virtue, and effect.

"Filed in Lincoln Division at ——— M: November 21, 1925.

"R. C. Hoyt, Clerk.

"By J. B. Nickerson, Deputy.

 "Frank St. Clair [Seal]
 "E. G. Maggi [Seal]
 "Clara St. Clair [Seal]"

James C. Kinsler, U. S. Atty., Ambrose C. Epperson, George A. Keyser, and Edson Smith, Asst. U. S. Attys., all of Omaha, Neb., for the United States.

T. S. Allen, of Lincoln, Neb. (H. J. Requartte, of Lincoln, Neb., on the brief), for appellee Maggi.

Before STONE and VAN VALKENBURGH, Circuit Judges, and OTIS, District Judge.

stituting a denial of the right to appeal as no choice was given to secure the writ of error except to sign such a bond. The answer of the defendant Maggi is more extended and detailed. There are allegations therein concerning laches and estoppel which are not worthy of discussion, but the serious allegations are that the provision in the bond for payment of the fine was unauthorized and without consideration; that the form of appearance bond in criminal cases is governed by rule 35 of this court, which form does not include any liability for fines; that the requirement as to fines is invalid under the Fifth Amendment to the Constitution because the right of a writ of error was denied unless the bond was given with that condition, and it alleges:

"That the defendant Frank St. Clair desired to perfect a writ of error to the said court for hearing in the Circuit Court of Appeals for the Eighth Circuit from said sentences and that this defendant signed the bond sued upon in this action on the form furnished by the Clerk of the United States District Court, Lincoln Division, and alleges that at the time he signed said bond this defendant was advised by the Clerk that such bonds were furnished and required by the government and that it was the form required by the court and it was necessary to use the printed form kept and furnished by the Clerk in order to perfect a writ of error; that accordingly the Clerk furnished to defendant St. Clair and this defendant a blank bond, copy of which is hereto attached, marked Exhibit 'A' and made a part hereof the same as though recited at length herein; that said bond was entitled at the top in large printed letters 'Appearance Bond on Writ of Error in Criminal Case' and that defendant did not read the bond but signed same as surety relying upon the statement of said clerk and the statement in the caption of said bond that it was an appearance bond on writ of error; that this defendant did not know that said bond was by its terms also a supersedeas bond, but believed it to be only an appearance bond on writ of error when he signed it, as indicated by the caption thereof, and was deceived and misled into signing the same by reason of the statements of said Clerk and said title or caption of said bond; that this defendant would not have signed said bond had he known that it contained a clause in the body thereof binding him to pay any fine assessed by the court against the defendant St. Clair, in addition to being an appearance bond on writ of error, but alleges that he signed said bond relying upon the statements of said clerk and the caption of said bond and believing it to be only an appearance bond on writ of error and the bond required by law as a condition precedent to writ of error."

Before entering upon a discussion of the particular points involved, it seems advisable to make certain observations regarding the character of a supersedeas and the character of a bail bond. Supersedeas "is a suspension of the power of the court below to issue an execution on the judgment or decree appealed from; or, if a writ of execution has issued, it is a prohibition emanating from the court of appeal against the execution of the writ." Hovey v. McDonald, 109 U. S. 150, 159, 3 S. Ct. 136, 141, 27 L. Ed. 888. Supersedeas in federal courts is governed by 28 USCA §§ 869 and 874. Except in capital cases (18 USCA § 681), these sections apply to criminal cases. Peters v. United States, 20 F.(2d) 741, 743, this court; Williams v. United States, 1 F.(2d) 203, 204, this court.

Bail is to procure release of a prisoner by securing his future attendance. Bail and supersedeas are different. Green v. United States, 13 F.(2d) 121, this court; Bernacco v. United States, 299 F. 787, this court; Hanes v. United States, 299 F. 296 (C. C. A. 6); McKnight v. United States, 113 F. 451, 452 (C. C. A. 6). A convicted defendant may either supersede the entire judgment (where a fine upon execution is involved) by giving a supersedeas bond, or he may merely secure release from custody by giving a bail bond (citations just above). Both may be included in one bond. Green v. United States, 13 F.(2d) 121, this court; Williams v. United States, 1 F.(2d) 203, this court. Also, it is to be noted that fines in criminal cases are collectible by execution. 18 USCA § 569.

From the power given by statute (28 USCA § 219) this court may, by rule, prescribe forms of supersedeas and of bail bonds. Peters v. United States, 20 F.(2d) 741, 743, this court. Rule 35 of this court relates to "Writs of Error in Criminal Cases" and consists of two sections. Section 1 provides that certain judges may allow such writs and "may also grant a supersedeas and stay of execution or proceedings, pending the determination of such writ of error." Section 2 relates solely to bail and provides that "such bail bond to be, as near as may be, in the form prescribed in the appendix to these

rules." It is thus clear that the form referred to in the appendix to the rules was for a bail bond only. Supersedeas and cost bonds were covered by section 1 of rule 35 and possibly by another rule (13), and another form is in the appendix. The form of bail bond in the appendix was purely an appearance bond with no reference to fines or costs. 188 F. xxvii. In 1918, this form was changed (in the condition of the bond) by the insertion of "and shall pay any fine and costs imposed by the judgment of the District Court against him." 288 F. xxxvi. In 1924, the form was changed back by elimination of the just above quoted insertion of 1918. There has been no change in the body of the rule itself.

 From the above, several matters are evident: That the bail bond intended by the rule and form was, at the time this bond was given, purely an appearance bond and that appellant might be bailed without reference to the fine; that the appellant might also supersede the judgment, thus covering the fine; that both bail and such supersedeas might be incorporated in one bond without violation of law or of the rule of this court. Therefore, the bond as given was entirely legal and was both a bail and a supersedeas. What has been said above and the decisions of this court in Peters v. United States, 20 F.(2d) 741, and Williams v. United States, 1 F.(2d) 203, dispose of the allegations of the answer that such a bond contravenes the Fifth Amendment by rendering appeals in criminal cases more difficult. Upon the same point it may be said that there is no constitutional right to such an appeal and the Legislature may affix or the courts may (within granted power) affix such conditions thereto as seem fit. Williams v. United States, 1 F. (2d) 203, 205, this court.

 This leaves two contentions. That there was no consideration for the bond is readily met, for the release of the accused was consideration. Ewing v. United States, 240 F. 241, 247 (C. C. A. 6).

 The final and main issue raised by the answer is that the principal was "execution proof" and had no desire to supersede the fine and that appellee desired only to execute a bail bond; that he was deceived by the caption of the bond ("Appearance Bond on Writ of Error in Criminal Case") and by statements of the clerk, who furnished the printed form; "that such bonds were furnished and required by the government and that it was the form required by the court and it was necessary to use the printed form kept and furnished by the clerk in order to perfect a writ of error"; that he did not read the bond but executed it believing it to be purely and only an appearance or bail bond. An entirely different part of the answer states that the condition as to fine "was extorted colore officii," yet the above contains all of the facts pleaded. The statement that the bond was extorted is a conclusion and presents only such issue as is revealed by the facts pleaded. Those facts, if proven or admitted, are not sufficient to show extortion. They do not show compulsion of one who knew and insisted upon his rights but was compelled to do something unwillingly. The most that can be said for those facts is that they show that appellee signed a bond different from that he intended to execute and that such action was induced as pleaded. Therefore, the question is whether this is a good defense.

 The order allowing the writ of error was as follows:

"Ordered that a writ of error be and the same is allowed to the end that the judgment of this Court theretofore entered herein may be reviewed in the United States Court of Appeals for the Eighth Circuit, and the amount of the bond of defendant Frank St. Clair, on account thereof, and as supersedeas herein, shall be and is fixed in the sum of $2500 Dollars."

The provision therein was for a bond to be a "supersedeas herein." Whether the court could require a supersedeas (as distinguished from bail) we need not determine, for no objection appears to that form of order, and it seems never brought to the attention of the court, or even of the clerk, that appellee desired merely a bail bond. The situation is that the court order required a supersedeas bond; that the clerk stated the form furnished by him was that required; that appellee made no question nor raised any objection to the form of bond; that he executed it; that the principal on the bond has received the full benefit thereof, and the government has been deprived thereby of its right to enforce any part of the judgment. The pleaded facts show merely an unrevealed intention of appellee to do something other than he intended with no deception on the part of the clerk. The caption of the bond that it was an "Appearance Bond" was misleading, but that alone is not sufficient to excuse appellee from reading the bond and gives him no right, after the parties to the

contract have changed position because of the bond, to come in and avoid the effect which the bond itself clearly expressed. The facts as pleaded were no defense.

The judgment is reversed and remanded for a new trial.