## CAIN et al. v. UNITED STATES.
### No. 10990.

Circuit Court of Appeals, Ninth Circuit.

March 9, 1945.

David H. Cannon, of Los Angeles, Cal., and Simeon Sheffey, of San Francisco, Cal., for appellant.

Frank J. Hennessy, U. S. Atty., and William E. Licking, Asst. U. S. Atty., both of San Francisco, Cal., for appellee.

Before WILBUR, GARRECHT, and HEALY, Circuit Judges.

WILBUR, Circuit Judge.

Appellants apply to this court for an order fixing bail pending appeal from the United States District Court for the Northern District of California. A similar application was made to the judge of the District Court before whom the criminal proceedings were had and the following order was made by the trial court on February 17, 1945: "The defendants, Newman and Cain, were present in custody of the United States Marshal; Leslie Gillen, Esq., S. E. Sheffey, Esq., and Fred McDonald, Esq., were present on behalf of the defendants, Newmon, Cain, Files and Shaffer; William Licking AUSA, was present on behalf of U.S. After hearing the attorneys for the respective parties, it is Ordered that the bonds on appeal be fixed as follows: Newman, $20,000; Cain, $20,000; Files, $5,000; Shaffer, $5,000; said bonds to contain a supersedeas clause."

The applicants complain particularly of the requirement that the bond fixed by the court required it to contain a supersedeas clause which they contend would require the sureties to pay the fine of $10,000 each which was levied against the defendants and that it is impossible for them to secure sureties who will agree to such a bond.

The rules of the Supreme Court and of the District Court relating to bail distinguish between the bail bond executed to secure the attendance of the defendant at the trial and in satisfaction of the judgment of imprisonment and a supersedeas bond whose purpose is to secure the payment of the fine.

It will be noted that the order of the District Court instead of fixing the amount of bail fixed the amount of "bond on appeal". As far as the supersedeas on the appeal from the judgment of imprisonment is concerned the convicted defendants who .

have taken an appeal may elect to submit themselves to the judgment of imprisonment or may remain in custody in the county jail awaiting the action of the appellate court upon the judgment of conviction. This has nothing to do with the question of bail. The taking of the appeal stays the imprisonment if they so elect or give bail. Crim.App. Rule V, VI, 18 U. S.C.A. following section 688. For discussion on this general subject see United States v. St. Clair, 8 Cir., 42 F.2d 26. The appellants point to rule 10 of the United States District Court for the Northern District of California which provides for the use of money deposited in lieu of bonds to pay the fine, but no cash bail is involved in this case. Rule 11 of the District Court rules applies to bail for appearance of defendants. This rule provides that "when cash or negotiable bonds or notes of the United States, are deposited for bail, the Commissioner or other magistrate shall execute receipts in duplicate, one of which shall be given to the person depositing the cash, negotiable bonds, or notes of the United States, and the other of which shall be attached to and forwarded to the Clerk of the Court with the recognizance or bond. Whenever such recognizance is exonerated the owner of said securities may receive them from the clerk by surrendering the receipt therefor and furnishing satisfactory proof of his identity."

 The bail bond is of course exonerated by the appearance of defendant to answer to the judgment of the court, in conformity with the terms of the bond. A somewhat similar problem to that involved herein presented itself to us in the case of Connley v. United States, 9 Cir., 41 F.2d 49. We there held that a requirement by the Court that the bail bond should contain a condition that the bond should also operate as a supersedeas to a judgment for the payment of a fine, made the bail required excessive. The same rule is applicable in the case at bar if the order of the trial court be construed to require in

addition to a reasonable amount for bail for the appearance of the appellants that a supersedeas bond be given to pay the amount of fine, or what amounts to the same thing, to require that such a condition be contained in the bail bond is to that extent to require excessive bail. The normal and usual practice is to apply first to the trial judge (Criminal Appeals Rule VI; construed in United States v. Hansell, 2 Cir., 109 F.2d 613, 614), as was done here, but the application may be made in the appellate court for good cause shown even when it has been made in the first instance below (United States v. Hansell, supra). The allowance below of appearance bail only on condition that the bail bond be also a supersedeas of execution on the fine is deemed by us to be good cause for making application in this court for bail without that condition.

The government concedes that appearance bail and supersedeas are different, coupling with that concession a statement that Criminal Appeals Rule V applies to supersedeas alone, that there is no district or circuit court rule authorizinng the exaction of supersedeas bond as a condition of allowing appearance bail and that to exact that condition has been held by this court to make the bail excessive.[1] The government's opposition to this motion or application is therefore reduced to the proposition that the trial judge exercised the discretion given him by law to fix the amount of bail on appeal for appearance and that the amount fixed by him should not be altered disturbing his discretion.

 It being thus admitted that the bail allowed below was excessive to the extent at least that supersedeas was required as a condition to acceptance, and that defendants have been unable to obtain a bond complying with that condition, this court has power under Criminal Appeals Rule VI to allow bail for appearance to the appeal.

We therefore fix the amount of bail pending appeal by appellants Cain and Newman at $10,000 for each of them.

[1] The concession and admissions made by the government are sustained by the following authorities: Criminal Appeals Rules V and VI; United States v. St. Clair, 8 Cir., 42 F.2d 26; Berkowitz v. United States, 8 Cir., 90 F.2d 881, 885; Connley v. United States, 9 Cir., 41 F. 2d 49, 51; Pacific Indemnity Co. v. United States, 9 Cir., 50 F.2d 379; Green v. United States, 8 Cir., 13 F.2d 121.