## UNITED STATES v. KAZUYUKI FUJIMOTO et al.

### Cr. No. 10495.

United States District Court
D. Hawaii.

Aug. 1, 1953.

———◇——

A. William Barlow, U. S. Atty., District of Hawaii, Louis B. Blissard, Asst. U. S. Atty., District of Hawaii, Honolulu, Hawaii, for plaintiff.

Bouslog & Symonds, Honolulu, Hawaii (Harriet Bouslog and Myer C. Symonds), Honolulu, Hawaii, for defendants.

McLAUGHLIN, Chief Judge.

Well, I am only going to rule on what is before me. I think that Mr. Barlow is simply putting you on notice that in the event these defendants are admitted to bail under the mandate of the Ninth Circuit Court, pursuant to Rule 46, Fed.Rules Crim.Proc., 18 U.S.C.A., that it well may be that he will proceed to levy execution for the fines upon that part of the judgment that provides for fines. And we will cross that bridge when we come to it.

The issue is whether in keeping with the mandate of the Court of Appeals for the Ninth Circuit [1] under Rule 38(a) (3) the trial court can require that defendants' bond pending appeal be also conditioned to require security for the payment of the fines imposed as part of the sentence, for the nonpayment of which the defendants were ordered to stand committed.

It appearing (a) that a substantial question on appeal exists as to each of the above appellants; and

1. On Petition for Bail Pending Appeal.
   Before DENMAN, Chief Judge, and
   HEALY and ORR, Circuit Judges.

I am at a loss to know with clarity just how these various rules should be correlated, namely, Rules 38 and 46. I am not entirely free from doubt. But in view of the mandate that has come down from the Ninth Circuit Court, I am satisfied that at this time the defendants who are in custody are entitled to be admitted to bail in accordance with the terms of that mandate upon posting a bond in the sum of $15,000 on conditions required by law and as provided for in this particular mandate.

With respect to security for the fines that has been of concern to me this morning, and I say the question is not entirely free from doubt, but apparently according to the articles cited, or rather the cases cited and the article referred to written by Judge Yankwich in 7 F.R.D. at 271, at page 282, wherein he cites Cain v. U. S., 9 Cir., 1945, 148 F.2d 182, and Connley v. U. S., 9 Cir., 1939, 41 F.2d 49 at page 51; and refers to the subsequent decisions of the U. S. Court of Appeals for the 9th Circuit following the enactment of the new Rules of Criminal Procedure, which cases or case is not reported nor the subject of an opinion but is referred to by Judge Yankwich as U. S. v. Bleker and Robinson going on appeal from the San Diego Division of the District Court for the Southern Division, wherein he was reversed on the point. Concerning Rule 38 he was advised that Rule 38 meant just the same as the 9th Circuit had said old criminal appeal rule No. 5 meant, and that hence the District Court had misread Rule 38; I say I am not entirely clear as to what this Rule 38(a) (3)

means and I am a little bit unclear as to just what type situation it might apply to—save as to Judge Yankwich's experience.

However, it does seem to me, in the light of a subsequent decision by Judge Carter in U. S. v. Barker, D.C., 11 F.R.D. 421, at page 423, that bond pending appeal in terms of an appearance bond is to be considered solely and exclusively under Rule 46, as the 9th Circuit has said.

Then, as to whether or not one-half of the judgment of sentence relating to fine is still alive and can be the basis of levying execution to collect the fine seems to be a matter that is covered by Rule 38 in that if the Government proceeds to levy execution to collect the fine pending appeal, which it may apparently do, then, in that event, application for a supersedeas or stay order may be made. If the stay is granted the terms and conditions may be determined by the Court in such a way as to, for example, require the posting of the fine in escrow or to take a bond to cover the payment of the fine under Rule 38(a) (3).

And thus it seems we come to the absurd situation where under Rule 46 half of the judgment is put on the shelf as to imprisonment and the other half is kept alive and forms the basis pending appeal for the levying of the execution unless stayed under Rule 38.

But in any event that is the picture as I see it this morning. As indicated, pursuant to the mandate of the 9th Circuit the defendants may be admitted to bail by filing the appearance bond provided for in that

(b) that the United States has stated to the court that it has no evidence which it would offer showing the likelihood that any of the appellants will leave the court's jurisdiction pending the appeal:

It is ordered that each of the appellants be released from confinement on the sentence of fine and imprisonment of each upon posting bail by each in the sum of Fifteen Thousand Dollars, cash or bond, conditioned as required by law and further requiring each not to depart from the Island of Oahu, District of Hawaii, without leave of the district court

upon a further bail of Ten Thousand Dollars, all said bail to be approved by the United States District Court for the District of Hawaii and deposited in the registry of that court.

Endorsed: Filed
  July 29, 1953
  Paul P. O'Brien,
  Clerk.

William Denman
Chief Judge
William Healy
Circuit Judge
Wm. E. Orr
Circuit Judge

mandate. And henceforth with respect to bond pending appeal, Mr. Clerk, we will depart from our former practice and follow the authorities I have cited here and separate the supersedeas question from the appearance question pending appeal.

██ Now, the defendants are in custody pending the posting of this bond. I am familiar with the fact that a bond some time ago was posted by the defendants under Judge Wiig's order that they can be out on bond until the 24th of July. I refer to that by way of getting to the fact that the posting of that bond did not in my opinion completely conform to the requirements, and in this instance when you post bond I want you to conform to the requirements of Rule 46. I want proper affidavits submitted as well as the sureties presented for examination on the record, and I don't want and will not authorize the clerk to accept the approval and the approval of the bond will be by the Court; preliminary examinations as to the sufficiency by the clerk, but the ultimate approval by the Court. But I do not and will not accept, even though it be a certified check, any spouse or relative of any attorney in the case on this bond. In the past your husband, Mrs. Bouslog, Mr. Sawyer,—although you go professionally by the name of Bouslog—posted a certified check. That will not be longer acceptable, not that I doubt the value of the check but I question the propriety of one related to a lawyer who is in the case being on the bond for a client.