BANKS, Justice,
dissenting:
¶ 10. I am of the opinion that premiums paid to secure a bail bond while an appeal is pending, are costs expended to preserve rights pending appeal and as such are taxable as costs of appeal. Thus I respectfully dissent.
¶ 11. The majority concludes that a su-persedeas bond is distinguishable from a bail bond in that a supersedeas bond is required to perfect various appeals while a bail bond is not a mandatory cost of appeal. This argument fails as an answer to Jones’s claim for two reasons. First, our rule allows recovery for costs of, not only supersedeas bonds, but “other bonds to preserve rights pending appeal... Miss. R.App. P. 36(c). Secondly, a super-sedeas bond is not as easily distinguished from a bail bond as the majority asserts.
¶ 12. A supersedeas bond is only a requirement for an appeal where the appellant seeks to stay the judgment of the trial court pending appeal, Miss. R.App. P. 8(a), just as a bail bond is only required where the appellant seeks to remain free pending appeal. Miss. R.App. P. 9(b); UCCCR 12.01; Miss.Code Ann. § 99-35-115 (1994 & Supp.1998). See also, Loeb v. State, 387 So.2d 433, 435 (Fla.App. 3 DCA 1980) (bail bond is same as a supersedeas bond in the absence of a monetary judgment).
¶ 13. Rule 8(a) provides that a superse-deas bond is required to stay the execution of a money judgment pending appeal. However, the appellant could satisfy the trial court’s judgment and take an appeal without giving a supersedeas bond. Yazoo & Miss. Valley R. Co. v. Adams, 78 Miss. 977, 985, 30 So. 44, 45 (1901) (“The statutory supersedeas operates only upon the process of the court; it stays execution, and that is its only office. In all other respects an appeal is as operative without as with a supersedeas.” (quoting Cohn v. Lehman, 93 Mo. 574, 6 S.W. 267, 271 (1887))); Quintana v. Knowles, 113 N.M. 382, 827 P.2d 97, 99 (1992) (supersedeas bond only necessary if appellant wants to maintain the status quo during the pen-dency of the appeal); United States v. United Funding & Investors, Inc., 800 F.Supp. 879, 882 (E.D.Cal.1992) (superse-deas bond only required upon an appellant’s motion to stay).
¶ 14. The majority cites a number of statutes in support of the proposition that a supersedeas bond is required to perfect various appeals. However, the comment to Rule 8 points out that:
[w]hen the judgment is not a money judgment, the court may, but is not required to, follow the practice of statutes supplanted by this rule, e.g. now-repealed Miss.Code Ann. § 11-51-35 (Supp.1986) (double one year’s rent to stay execution of a writ of possession in ejectment); § 11-51-39 (Supp.1986) (double value of real state to be surrendered); now-repealed § 11-51—41 (1972) (double value of real estate or charges on real estate).
The statutes cited by the majority are no longer the law as to when a supersedeas bond is required as a prerequisite to an appeal with supersedeas.
¶ 15. The majority further relies on Cain v. United States, 148 F.2d 182 (9th Cir.1945), and United States v. St. Clair, 42 F.2d 26, 28 (8th Cir.1930), to support its conclusion that a bail bond is distinguishable from a supersedeas bond and as such is not a cost to be taxed on appeal under the Rule. Although both Cain and St. Clair held that a bail bond is different from a supersedeas bond, neither of those cases dealt with the issue currently before the Court. Cain dealt with the issue of whether bail is excessive where the trial court orders that the bail bond is also to serve as supersedeas for a fine. St. Clair dealt with the issue of whether a bad bond which included a supersedeas clause was obtained without consideration where the form used was prepared and required by the court. A bail bond and a supersedeas *301 bond are different because they protect different rights. However, the fact remains that they are both used to preserve rights pending appeal — which is the determinative issue in deciding whether to tax the cost of a bond on appeal.
¶ 16. The supersedeas bond insures that both the appellant’s and the appellee’s interest in the subject of the suit will be protected during the pendency of the appeal. Quintana, 827 P.2d at 97-98 (supersedeas bond maintains status quo and compensates successful appellee for damages incurred during appeal and allows appellee to recover without additional litigation). If the appellant is successful on appeal, she will not have to suffer the expense and bother of trying to recover the subject of the suit from the appellee. And, on the other hand, if the appellee is successful on appeal, she is insured that the judgment will be satisfied without having to seek to recover for damages, waste or interest which accrued during the pendency of the appeal. Id.
¶ 17. Similarly, the bail bond protects the rights of both the State and the defendant. Jones obtained a bail bond prior to July 1, 1997. Therefore, Jones was entitled to bail pending his appeal under the 1994 version of Miss.Code Ann. § 99-35-115, which provides that:
(2) A person convicted of any felony other than [treason, murder, rape, arson, burglary or robbery] shall be entitled to be released from imprisonment on bail pending an appeal to the Supreme Court, except that the trial judge may deny bail to such person pending his appeal upon making a determination that the release of such person would constitute a special danger to any other person or to the community or that no condition or combination of conditions will reasonably assure the appearance of the person as required....
By requiring the defendant to post a bail bond the State is reasonably assured that if it is successful on appeal, its right to have the defendant subjected to the custody of the State is protected. In re Allied Fidelity Insurance Co., 664 P.2d 1322, 1324 (Wyo.1983) (“purpose of bail is to insure defendant’s presence at court proceedings without excessively restricting his or her liberty-”). The defendant, on the other hand, is assured that he remains free from incarceration while the appeal is pending. Id.
¶ 18. In my view, under the clear wording of our Rule allowing the cost of “bonds to preserve rights pending appeal,” a criminal defendant whose conviction is overturned on appeal is entitled to have the premiums paid to secure a bail bond taxed against the State as a cost of the appeal.
PRATHER, C.J., SULLIVAN, P.J., AND McRAE, J„ JOIN THIS OPINION.